355 So.2d 607 (1978)
Roma and Joseph QUARTANA
v.
David W. JENKS, Mrs. Romayne Jenks, Mrs. Pat Farley and Progressive Arts, Inc.
No. 8732.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Rehearing Denied March 14, 1978.
*608 Hammett, Leake, Hammett, Hulse & Nelson, W. Paul Andersson, New Orleans, for plaintiffs-appellees.
Tooley, Gardner & Waldmann, John F. Tooley, Jr., Gretna, for defendants-appellants.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
GARSAUD, Judge.
This is an appeal from a summary judgment in favor of plaintiffs granted on their claim as holders of a promissory note. The note was executed by Progressive Arts, Inc. and all parties to this lawsuit as co-obligors. Plaintiffs and defendants were sole shareholders of Progressive Arts and their agreement to be bound as solidary debtors was a requirement of the lending institution. A loan of $26,000.00, for which this demand note was given secured by a collateral mortgage, was made to the parties by the First Metropolitan Bank of Metairie to provide funds for the operation of the Beef and Bottle Restaurant. For these purposes, it is sufficient to say that the restaurant did not succeed. Consequently, after making only a few payments, the parties defaulted on their obligation on the note. A formal demand letter was sent by Metropolitan to each of them. Subsequently the plaintiffs "purchased" the note from the Metropolitan under the following endorsement:
"For value received without recourse or warranty of any nature whatever, the undersigned transfers to Joseph and Roma Quartana all of its right, title and interest in and to the within note and any security held in connection therewith.
*609 FIRST METROPOLITAN BANK,
By: /s/ [illegible]"
The plaintiffs originally brought suit by executory process to enforce the note and collateral mortgage. The judicial sale was enjoined by the defendants and the petition was amended to proceed against the corporate defendant alone, reserving the right to proceed for a deficiency judgment against the individual defendants should the proceeds of the sale of the civil sheriff not be sufficient to satisfy the claim. The proceeds of the judicial sale totaled two thousand two hundred seventeen and 37/100 ($2,217.37) dollars, which served only as partial satisfaction of plaintiffs' claim. Plaintiffs then sued to recover from the defendants the remaining indebtedness on the note.
The trial judge granted summary judgment in favor of plaintiffs in the amount of $15,006.49 against the defendants in solido. This amount represented 4/6 of the purchase price of the note ($24,698.00 × 4/6 = $16,465.33) plus 9½ % interest from October 1, 1974 to March 26, 1975, less a credit of $2,217.37 for the proceeds of the judicial sale. Inasmuch as the corporate defendant, Progressive Arts, Inc., was a co-obligor on the note, there were six solidary co-obligors, rather than five as contended by appellants. In addition to the above, the trial judge awarded 9½ % interest from March 26, 1975 until paid, all taxable costs of the proceedings, and 20% attorney's fees on the aggregate sum of all costs, interest and the original principal indebtedness of $16,465.33.
The defendants/appellants urge the following specifications of error on the part of the trial court:
"(1) Entering summary judgment, in the amount, proportion and extent found, without regard to the issues of fact presented in opposition to the motion and the real defenses specially pleaded by defendants;
"(2) Prematurely entering summary judgment on the main demand when the issues presented by the answer and reconventional demands would reduce or defeat the main demand;
"(3) Refusing oral deposition discovery which could reasonably lead to the discovery of relevant facts essential to the defense of the main demand and the reconventional demand;
"(4) Denying trial by jury."
Taking up the last point first, the issue of trial by jury has already been appealed by defendants to this court and the Louisiana Supreme Court, and in each of these appeals the ruling of the trial courtwas upheld.[1]Quartana v. Jenks, 330 So.2d 315 (La.1976). This issue is no longer appealable and is not properly before this court.
On the issue of discovery, the matters which were not allowed to be discovered on oral deposition of plaintiffs concerned what plaintiffs had done with various assets of the corporation that they had acquired at the public sale. The inference is that the Quartanas opened up a new restaurant on the same site and made use of some of the assets and inventory from the former restaurant. Defendants/appellants contend that discovery of these matters is essential to establish some valuation for the corporate assets which might explain the difference in the alleged value of the assets on October 31, 1974 ($32,837.35) and the $2,217.37 received at the judicial sale. The trial court found these matters to be irrelevant to the issue of the summary judgment based on the note alone. These questions may be material for issues presented by the reconventional demand, but not for the suit arising out of the Quartanas' claim related to the note itself. The amount received at the public sale is relevant, but the use to which the assets are put after sale cannot affect the amount due and owing on the *610 instrument between and among these solidary obligors.
The major issue concerns the propriety of the summary judgment. Although summary judgment should be used cautiously, its use is appropriate where there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Where those factors obtain, it shall be rendered in favor of the moving party. C.C.P. Art. 966. The defendants here argue that their reconventional demand could reduce, defeat or exceed the main demand, thus precluding summary judgment. In order to defeat the motion for summary judgment, the defendants' reconventional demand must be directed to the material facts pleaded in support of the motion. Facts which may incidentally arise in the same context of the facts pleaded in the motion and which fail to put at issue the facts pleaded in the motion are simply not enough to thwart the clear mandate in Article 966 of the Code of Civil Procedure. Although most of defendants' assertions relate to their claim of conspiracy to defraud defendants on the part of plaintiffs in the operation of the corporate structure, there is, however, one disputed fact surrounding the note itself.
As part of the collateral for the note, Progressive Arts, Inc. assigned its lease to the First Metropolitan Bank on April 8, 1974. Roma Quartana, Pat Farley and Romayne Jenks executed the assignment in their corporate as well as individual capacities. When Mr. and Mrs. Quartana "purchased" the note, however, the Bank re-assigned the lease to them individually and exclusively.
The value of this lease may be available to the other co-debtors of the note as a credit to reduce their liability to the Quartanas. This issue of material fact remains to be resolved. A summary judgment was inappropriate, then, in these circumstances.
We believe there was a basic error made below, which must be corrected in order for a new trial to proceed on the proper legal principles. This difficulty stems from the award to the plaintiffs of not only the appropriate share of the balance due on the note, but also the award of 9½% interest for the period of time after the plaintiffs "purchased" the note, as well as the stated 20% attorney's fees. These awards could have been given only on the presumption that the note was purchased by the plaintiffs rather than paid, and that the transfer of the instrument to them did not extinguish it. This position is contrary to the law.[2] R.S. 7:119(1) and (5) state respectively:
"§ 119. Modes of discharging instrument
A negotiable instrument is discharged:
(1) By payment in due course by or on behalf of the principal debtor;
* * * * * *
(5) When the principal debtor becomes the holder of the instrument at or after maturity in his own right."
See also, 11 Am.Jur.2d Bills and Notes § 911 (1963), which states: "[T]he endorsement and delivery of a negotiable promissory note by the payee to one of several joint and several makers after maturity and for valuable consideration completely extinguishes the obligation of the note . . ." (emphasis supplied); also, 10 C.J.S. Bills and Notes, § 449b(1)(a) (1938), wherein it is stated: "[P]ayment in due course of a promissory note by one of several joint makers to the payee or holder extinguishes the instrument and discharges the liability of the other makers thereon" (emphasis supplied), and (b):
". . . Because payment by one joint maker discharges the instrument, . . the joint maker who makes the payment cannot sue his comakers on the note, an assignment or indorsement of it to him by the payee not resuscitating it or vitalizing it in his hands as against his comaker.

*611 The remedy of the maker making the payment in such case is to sue for contribution . . .." (Emphasis supplied.)
Whenever a co-debtor has paid the entire common debt, he has the right to demand contribution from his co-debtors for their virile share. C.C. Art. 2104. ". . . The solidary co-debtor may claim contribution from his co-debtors, only in proportion to the amount which each one of them must contribute to the common debt." 1 Aubrey & Rau, Civil Law Translations, Obligations, § 298b(4) (1965).
On a new trial, if plaintiffs are found to be entitled to a judgment, then the judgment should be for 4/6 of the purchase price of the note ($24,698 × 4/6 = $16,465.33), less a credit of $2,217.37 for the proceeds of the judicial sale and an appropriate credit for the value of the lease, with legal interest from April 10, 1975, the date of the judicial demand, until paid and for all costs. Each of the four co-debtors is only liable for his virile share. Since the note was discharged, the 9½% interest from the date of payment and 20% attorney's fees provided therein are eliminated.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] The principal demand here cannot be tried by jury because it is a suit on an unconditional obligation to pay a specific sum of money. C.C.P. Art. 1733(2). According to C.C.P. Art. 1731 and the comments thereunder, a jury trial is not available on an incidental demand when the principal demand is not triable by jury.
[2] R.S. 7:1 et seq. (Negotiable Instruments Law) is applicable, as the note was executed and paid prior to January 1, 1975.