361 So.2d 964 (1978)
George A. AIAVOLASITI
v.
Edward C. KURTZ, Foster Judlin, Oliver Meyer, Louis Brothers and Frank Kruse.
Lawrence J. AIAVOLASITI
v.
VERSAILLES GARDENS LAND DEVELOPMENT COMPANY, Edward C. Kurtz, Oliver J. Meyer, Foster Judlin, Louis L. Brothers, Dr. Frank A. Kruse.
Lawrence J. AIAVOLASITI
v.
VERSAILLES GARDENS LAND DEVELOPMENT COMPANY, Louis L. Brothers, Foster Judlin, Oliver J. Meyer, Edward C. Kurtz, Dr. Frank A. Kruse.
Nos. 9332-9334.
Court of Appeal of Louisiana, Fourth Circuit.
July 26, 1978.
Rehearings Denied September 12, 1978.
Writs Granted October 26, 1978.
*965 Reuter & Reuter, Arthur C. Reuter, New Orleans, for George A. Aiavolasiti and Lawrence J. Aiavolasiti, plaintiffs-appellants.
Wiedemann & Fransen, John A. Stassi, II, New Orleans, for Foster G. Judlin, defendant-appellee and defendant-appellant.
Henry L. Klein and Gary J. Rouse, New Orleans, for Dr. Frank Kruse, defendant-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
STOULIG, Judge.
The appeals in these three consolidated cases concern the extent of liability of various signatories to several promissory notes, originally executed to raise operating funds for a land development corporation.
Plaintiff, Lawrence Aiavolasiti, and the five individual defendants, Edward Kurtz; Foster Judlin; Oliver Meyer; Louis Brothers and Frank Kruse, organized Versailles Gardens Land Development Company (Versailles), in 1970. Shortly thereafter the purchase of a large tract of land for development was financed by a loan from the Whitney National Bank in New Orleans (Whitney), evidenced by several promissory notes.
*966 On December 30, 1970, Versailles executed a promissory note in the sum of $574,000 payable on demand to the order of Whitney National Bank with 9% interest per annum and 10% attorney fees. The obligation was secured by the pledge of a collateral mortgage note executed by Versailles on December 30, 1970 for $600,000, payable on demand to the order of bearer with 10% per annum interest and 10% attorney fees and paraphed Ne Varietur for identification with an act of collateral mortgage of the same date. In connection with these transactions the individual shareholders of Versailles, Oliver Meyer; Edward Kurtz; Foster Judlin; Louis Brothers and Lawrence Aiavolasiti, executed continuing guaranty agreements with Whitney in which each assumed solidary liability with Versailles in the event there was a default on any note up to a total of $600,000. The promissory notes, collateral mortgage and continuing guaranty were acquired by Lawrence Aiavolasiti from Whitney. Proceeding No. 9334 of our docket is a suit for the unpaid principal, interest and attorney fees on these obligations.
On January 22, 1974, plaintiff, Lawrence Aiavolasiti, and the five individual defendants executed as comakers a promissory note in the sum of $50,755.84 payable to the order of International City Bank & Trust Company (ICB) 30 days after date with 10% interest per annum and 25% attorney fees. These funds were used to purchase a $50,000 ICB certificate of deposit pledged in connection with the 1970 Whitney loan. This obligation was purchased by George A. Aiavolasiti, son of Lawrence J. Aiavolasiti, and forms the basis of the claim in our Proceeding No. 9332.
The third note, executed by Versailles on April 23, 1973 in the sum of $19,000 payable on demand to the order of Whitney with 9% interest and 10% attorney fees and endorsed by Lawrence Aiavolasiti and the five individual defendants, was to cover the interest arrearage on the 1970 Whitney obligation. This note was endorsed over to Lawrence Aiavolasiti and is the subject of the litigation in our Proceeding No. 9333.
Versailles, plagued by financial crises since 1973, could obtain no further loan extensions by 1975 and, to avoid suit, Lawrence Aiavolasiti acquired the Whitney notes and furnished the funds to his son George to purchase the ICB note. In Proceeding No. 9332, George Aiavolasiti is the nominal plaintiff who sues as a holder in due course. The three notes were purchased by plaintiffs after maturity.
In Proceeding No. 9334 Lawrence Aiavolasiti filed suit against Versailles as maker and the five individual defendants as solidary guarantors on the December 30, 1970 notes. A default judgment was entered against Versailles and Edward Kurtz. Then plaintiff executed on the collateral mortgage securing the note, caused the land to be sold under a writ of fieri facias and realized the sum of $100,000, which was applied against the outstanding indebtedness of $268,867.93, plus 10% interest and 10% attorney fees. Judgment was then rendered against Kurtz, Meyer, Judlin and Brothers for a virile share of one-sixth interest each of the total indebtedness.
Plaintiff, Lawrence Aiavolasiti, appealed asserting that the individual endorsers are bound solidarily because he acquired the note for valuable consideration and sues as a holder in due course. Plaintiff as a cosurety or coguarantor could not improve his indemnification claim quoad his co-obligors by paying out the note because R.S. 7:119 provides in part:
"A negotiable instrument is discharged:
(1) By payment in due course by or on behalf of the principal debtor;
* * * * * *
(5) When the principal debtor becomes the holder of the instrument at or after maturity in his own right."
Quartana v. Jenks, 355 So.2d 607 (La.App. 4th Cir. 1978), holds that a coendorser of a promissory note extinguishes the note when he acquires it. There is no form of acquisition he can use that would confer on him a holder in due course status entitled to claim from each signatory on the *967 note the full amount of the indebtedness even though the instrument stipulates solidary liability. As a codebtor who has paid the full amount of the obligation Aiavolasiti has the right to demand contribution from his codebtors for their virile share. C.C. art. 2104 provides:
"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment."
Appellant Aiavolasiti challenges the right of any of his codebtors to raise any defenses because, he asserts, the pleadings deny their signatures on the instrument. We disagree but do not pass on this contention because we view this suit as one in contribution rather than a suit by a holder in due course on a viable promissory note. Under R.S. 7:119 the note was discharged and is now simply evidence of payment of the common debt in a suit for contribution.
Appellant Aiavolasiti next contends Dr. Frank Kruse should have been cast in judgment for a virile share on the December 30, 1970 notes. The evidence fails to establish Dr. Kruse was a co-obligor on these instruments in that he did not execute the continuing guaranty agreement which the other individual defendants signed nor did he sign the notes in any capacity.
Finally Aiavolasiti contends the trial court erred in failing to award the attorney fees specified in the note. Once the note was extinguished, the ancillary contingent collection fee stipulations contained therein also expired.
Appellant Foster Judlin resists Aiavolasiti's claim for contribution on the ground that the mortgaged asset of Versailles was seized at the instance of plaintiff and sold without appraisement. In essence he claims that while appraisers were appointed, they were not qualified but were deputy sheriffs who have no knowledge of real estate values and who accepted the figures suggested by Lawrence Aiavolasiti and therefore, in effect, there was no appraisal. Judlin submits that R.S. 13:4106 extinguishes a creditor's claim for a deficiency judgment if the property seized is sold without appraisal. This appellant was cited as a defendant in the suit prior to the seizure and was aware of the sale under fieri facias. If he wished to question the procedure, it was incumbent on him to challenge the process before the sale was made rather than sit back and save his attack only if he was not pleased with the result.
In Proceeding No. 9333, Lawrence Aiavolasiti filed suit on the April 23, 1973 demand note for $19,000 payable to Whitney and obtained judgment against Versailles, Kurtz, Meyer, Judlin, Kruse and Brothers for a virile share from each of one-sixth of the debt of $21,283.69 with 9½% interest and 10% attorney fees.
Appellant Lawrence Aiavolasiti urges the same arguments for solidary liability of each codebtor as he did in Proceeding No. 9334. We hold that these contentions are without merit.
Finally, in Proceeding No. 9332 the nominal plaintiff George Aiavolasiti filed suit on the promissory note dated January 22, 1974 for $50,755.84 payable to the order of ICB and was awarded judgment against the makers, Kurtz; Judlin; Meyer; Brothers and Kruse, for a virile share of one-sixth each of the debt of $51,644.06 with 10% interest and 25% attorney fees. The trial judge did not accord George Aiavolasiti the status of a holder in due course because he concluded the evidence establishes that Lawrence Aiavolasiti furnished the money for his son to acquire the note and also arranged for its purchase to avoid a lawsuit. Under this factual conclusion, the trial judge properly limited the plaintiff to virile share recovery from the codebtors. Because the note was extinguished by payment the trial court erred in awarding interest and attorney fees.
Appellants Foster Judlin and Frank A. Kruse in their answer to the appeal point *968 out the notes were extinguished when the Aiavolasitis bought them from the banks and therefore the trial court erred in awarding note interest and attorney fees. The judgment as it affects Judlin and Kruse, the only defendants to appeal or answer the appeal, must be modified to delete the note interest and fee awards.
Defendants further point out the virile shares were fixed at one-sixth each because the trial court erred in not including the corporation. We agree and amend the judgment accordingly insofar as it affects the defendants who have appealed.
For the reasons assigned the judgments appealed from are amended and affirmed in these respects:
In Proceeding No. 9334 the judgment appealed from is amended as to Foster Judlin and Frank Kruse to delete the note interest and in its place award legal interest from judicial demand on the virile share owed by each.
In Proceeding No. 9333, the judgment as it affects Foster Judlin and Frank Kruse is amended to cast each for a one-seventh interest of the indebtedness of $21,283.69 plus legal interest from judicial demand until paid and to delete that part of the judgment casting them for note interest and attorney fees.
In Proceeding No. 9332, it is ordered that the judgment appealed from be amended as to Foster Judlin and Frank Kruse to delete the note interest and attorney fees and in its place award legal interest from judicial demand on the virile share owned by each.
Appellant Lawrence Aiavolasiti is to pay all costs of these appeals.
AMENDED AND AFFIRMED.