SARTAIN, Judge.
This proceeding by ordinary process was instituted by the comaker of a hand note against the collateral mortgagor. From an adverse judgment in the district court the latter has appealed. We annul the judgment and remand.
The facts arose as follows: Althea Toliver [1] and others were charged with the armed robbery of a business establishment owned and operated by plaintiff, Terry Bourg. Following several plea bargaining sessions, Toliver plead guilty to the charge and was given a suspended sentence and placed on unsupervised probation. She was also required to make restitution to the extent of $6,000.00 Her sentencing occurred on April 10, 1975.
*14 On April 9, 1975 Sam Wiley, Jr. executed a collateral mortgage note in the amount of $8,000.00, payable “On Demand” to the order of “Myself” (and endorsed by him) at the American Bank, Hahnville, Louisiana, and stipulating interest at the rate of 10% per annum from date until paid. The note was paraphed for identification with an act of collateral mortgage of the same date which represented a second lien and mortgage on Wiley’s home located in Beltridge Subdivision in Jefferson Parish.
On the same date (April 9, 1975) Sam Wiley, Jr., Althea Toliver and Terry Bourg executed a hand note in the sum of $7,799.40 to the order of American Bank, Norco, Louisiana, payable in 36 monthly installments of $216.65 commencing May 15, 1975, together with interest at the rate of 14% per annum from date of maturity until paid, and in the event of default, attorney’s fees on the unpaid balance at the rate of 25%. The hand note was secured by the above mentioned collateral mortgage note.
The mortgage and hand notes were used to secure a $6,000.00 loan at the American Bank. This sum was placed in Bourg’s operating account with the bank and apparently replaced the sum that was stolen by Althea Toliver and her cohorts. No payments were made to the bank on the hand note. The bank, in suit No. 185-124 in the District Court for the Parish of Jefferson, entitled American Bank v. Sam Wiley, Jr., brought an executory proceeding on the collateral note and mortgage. Wiley was the only named defendant. On motion of the bank this suit was dismissed with prejudice on October 6, 1976.
The instant action was filed on December 9, 1976 by Bourg as the “holder” of the above described mortgage note for the sum of $7,799.40 (the amount of the hand note)[2], together with interest at the rate of 14% from May 15, 1975, and 25% on both as attorney’s fees and for recognition of the lien created by the act of collateral mortgage.
Defendant Wiley’s peremptory exceptions of res judicata and no cause of action based on the dismissal with prejudice in the bank’s suit were overruled by the trial judge. Mrs. Wiley intervened, asserting the unconstitutionality of C.C. art. 2404, which permits the husband to mortgage a community asset — especially the family home. Her claim was also denied. These same issues are raised on appeal.
Following a trial on the merits judgment was rendered against defendant in the amount of $7,799.40, together with interest thereon at the rate of 10% until paid, and 20% on principal and interest as attorney’s fees. The judgment also recognizes and maintains the mortgage. We are not favored with written or oral reasons for judgment.
Bourg testified that when Wiley and/or Althea Toliver failed to make any of the monthly installments he was called upon by the bank to satisfy the loan. He executed a new note to the bank and the bank released to him the above described mortgage and hand notes. He explained the transaction as follows: “I received that note when no payment was made on it. As a cosigner, I had to pay off the note at the bank.”
We agree with the observation contained in Nathan and Marshall, the Collateral Mortgage, 33 La. L. Rev. 497, 498 (1973). “. . . (T)he collateral mortgage has been a source of unfortunate confusion and bizarre litigation.” This case is no exception.
In attempting to resolve the issues herein presented we observe that proper consideration was not given in the trial court to the legal relationship between Bourg and Wiley. Both are comakers of the hand note and their respective rights and obligations should have been resolved pursuant to the codal provisions, statutes, and jurisprudence relative to solidary obligors. The primary issue as between these two litigants was clouded by the fact that Bourg brought the *15 present action as a “holder in due course” which he was not. He was a comaker of the hand note as his own testimony admits and the facts dictate.
With respect to the exception of res judi-cata which was premised on the basis of the dismissal with prejudice in the bank’s suit, the same was properly denied in the instant action. The final judgment in the bank suit would support the exception as between the bank and any one or all of the comakers but it cannot stand as authority for having adjudged the rights as between two competing comakers.
The requisites for the application of res judicata are set forth in C.C. art. 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The final judgment in the bank’s suit, albeit on its own motion, terminated the bank’s rights under the notes. C.C. art. 3285 provides, in part:
“In all cases where the principal debt is extinguished, the mortgage disappears with it.”
Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628 (1972); Mente & Co., v. Levy, 160 La. 496, 107 So. 318 (1926). However, as we discuss next, the rights as between solidary obligors (comakers of the note) are not affected by the discharge of the principal debt. For these reasons the requisite identities in the two actions are not present.
In the recent ease of Quanta v. Jenks, 355 So.2d 607 (La.App. 4th Cir. 1978), untimely application not considered, 357 So.2d 1165 (La. 1978), this court had occasion to consider the rights and obligations of solidary obligors (co-debtors) on a hand note secured by a collateral mortgage granted by a corporate third party. One of the co-debtors “purchased” the note to avoid suit and proceeded against his co-debtor and obtained a summary judgment on the note and recognition of the mortgage. In answering his contention that he was privileged to do so, we stated:
“... This position is contrary to the law. R.S. 7:119(1) and (5) state respectively: ‘§ 119. Modes of discharging instrument
‘A negotiable instrument is discharged: ‘(1) By payment in due course by or on behalf of the principal debtor;
:{s * :j< * * *
‘(5) When the principal debtor becomes the holder of the instrument at or after maturity in his own right.’
“See also, 11 Am.Jur.2d Bills and Notes § 911 (1963), which states: ‘[T]he endorsement and delivery of a negotiable promissory note by the payee to one of several joint and several makers after maturity and for valuable consideration completely extinguishes the obligation of the note. . .’ (emphasis supplied); also, 10 C.J.S. Bills and Notes § 449b(l)(a) (1938), wherein it is stated: ‘[Pjayment in due course of a promissory note by one of several joint makers to the payee or holder extinguishes the instrument and discharges the liability of the other makers thereon’ (emphasis supplied), and (b):
‘.. . Because payment by one joint maker discharges the instrument, . . . the joint maker who makes the payment cannot sue his comakers on the note, an assignment or indorsement of it to him by the payee not resuscitating it or vitalizing it in his hands as against his comaker. The remedy of the maker making the payment in such case is to sue for contribution . .. . ’ (Emphasis supplied)
“Whenever a co-debtor has paid the entire common debt, he has the right to demand contribution from his co-debtors from their virile share. C.C. art. 2104. ‘. . . The solidary co-debtor may claim contribution from his co-debtor, only in proportion to the amount which each one of them must contribute to the common debt.’ 1 Aubrey & Rau, Civil Law Translations, Obligations, § 298b(4) (1965).

*16 "... (E)ach of the four co-debtors is only liable for his virile share. Since the note was discharged, the 91/2% interest from the date of payment and 20% attorney’s fees provided therein are eliminated.”
While this case was decided under the provisions of R.S. 7:1 et seq. (Louisiana’s Negotiable Instruments Law), the current applicable statute is R.S. 10:3-601 et seq., where comparable provisions require the same result.
In Aiavolasiti v. Versailles Gardens Land Dev. Co., 371 So.2d 755 (La. 1979), on one of the notes[3] therein sued upon, the court determined that the parties were primary obligors and therefore bound in solido rather than accessory obligors (accommodation endorsers) and that their respective rights and obligations under the note were governed by C.C. art. 2104, above. Accordingly, each was bound only for his virile share. Pertinent to the issue here is that the decision affirmed that portion of the judgment of the Court of Appeal, Aiavolasiti v. Kurtz, 361 So.2d 964, 967 (La.App. 4th Cir. 1978) which decreed the note extinguished upon its payment by one of the co-debtors precluding an award to the purchaser-codebtor for interest and attorney’s fees stipulated in the note.[4]
The record does not show the exact date and the amount that Bourg paid the American Bank for the note. The matter will have to be remanded for that purpose.
The claim of Mrs. Wiley raising the constitutionality of C.C. art. 2404 for the reasons stated above is rendered moot.
On remand, if plaintiff is found to be entitled to judgment, then the judgment should be for % of the amount plaintiff paid the American Bank, together with legal interest thereon from date of judicial demand until paid, and such costs in the district court as the trial judge deems equitable.
For these reasons the judgment of the district court is annulled and set aside. The collateral mortgage, collateral mortgage note and the hand note all herein above referred to are ordered cancelled and this matter is remanded for further proceedings consistent with the views herein expressed. All costs relating to this appeal are assessed against appellee Bourg. The assessment of all other costs is to await a final determination on the merits.

ANNULLED AND REMANDED

. Althea Toliver is the granddaughter of Mr. Wiley’s wife.

. The difference between the cash advance and the amount of the note represents credit life and finance charges.

. Note dated January 22, 1974 in the sum of $50,755.84 in favor of the International City Bank & Trust.

. For a discussion of this case and some criticism thereof see: Hebert, A Conflict Resolved, A Conflict Ignored, 40 La. L. Rev. 483 (1980).