570 So.2d 459 (1990)
DELTA SAVINGS AND LOAN ASSOCIATION, INC.
v.
Winnifred BERTHELOT, et al.
No. 90-CA-0075.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1990.
Rehearing Denied November 29, 1990.
Russell J. Nunez, Jr., Nunez & Nunez, New Orleans, for plaintiff/appellee.
Byrne W. Dyer, III, Gretna, for defendants/appellants.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
SCHOTT, Chief Judge.
This is an action against Mr. and Mrs. Gilbert for a deficiency judgment in accordance with LSA-C.C.P. arts. 2771-2772 by Delta Savings and Loan Association, a mortgage creditor, which had previously seized and sold the property of the Gilberts by executory process pursuant to C.C.P. arts. 2721 et seq. The trial court granted Delta's motion for summary judgment and the Gilberts' have appealed contending that their answer and affidavit raised genuine issues of material fact as to whether Delta complied with the law requiring that the defendants' property be sold with appraisement in order to support a later action for a deficiency judgment against them.
Delta filed executory proceedings against the Giberts in East Baton Rouge Parish seizing their building on Laurel Street and claiming $110,000 on the mortgage. On April 22, 1987 the Sheriff sold the property at auction for $42,600. On November 22, 1988 Delta filed the present action seeking a deficiency judgment for $70,000. The Gilberts answered claiming Delta failed to have the property appraised in accordance with law in that the appraiser never inspected the inside of the building. Delta moved for summary judgment attaching an affidavit which did no more than set out the balance due by the Gilberts on the note. The Gilberts submitted the affidavit of Mr. Gilbert, which established that the appraisers could not have entered the building because it was boarded up and secured against entrance when the appraisals were made.
The record contains the entire record of the executory proceedings in East Baton Rouge. In accordance with R.S. 13:4363 the sheriff notified Delta and the Gilberts to appoint their appraisers and deliver the appraisals prior to the sale. Delta's appraiser appraised the property for $60,000 and the Gilberts' appraiser, $95,000. Pursuant to R.S. 13:4365(B) the sheriff appointed a third appraiser who appraised the property for $60,000.
In the Gilberts' brief they make much over alleged deficiencies in the appraisal of Delta's appraiser, but this has no significance. In the situation where the appraisals by the parties' appraisers are this far apart the decision by the sheriff's appraiser *460 is final. R.S. 13:4365. Thus, the only question is whether the third appraisal was valid.
An appraiser is required to make a "true and just appraisal of the property." R.S. 13:4365(A). The Gilberts established that this appraiser did not inspect the interior of the building. They also allege that this appraiser merely copied the appraisal of plaintiff's appraiser but they offered no affidavit or other documentation to support this assertion. Delta asserts that it was unnecessary for the sheriff's appraiser to enter the building in order to make a true and just appraisal and they suggest reasons for this assertion which could be brought out at trial. However, Delta placed nothing in the record to show why it was unnecessary for the appraiser to see the interior.
We are unable to conclude as a matter of law that an inspection of the interior of a building is never required for a true and just appraisal of property to be sold by executory process, and the record furnishes no factual basis for us to conclude that such an inspection was unnecessary in this particular case. Summary judgment is appropriate only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. C.C.P. art. 966. Thus further proceedings in the trial court are necessary to resolve the question of the validity of the sheriff's appraisal and Delta's entitlement to a deficiency judgment.
Accordingly, the judgment appealed from is reversed and set aside, Delta's motion for summary judgment is denied, and the case is remanded to the trial court for further proceedings. All costs of this appeal are taxed against Delta. Other costs will await the outcome of the case.
REVERSED AND REMANDED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurring.
I reluctantly concur in the majority result. That reluctance is based on my hesitancy to burden the seizing creditor with the obligation to oversee the Sheriff in his duty to appraise the property. I consider this an undue burden. However, because this matter is before us on summary judgment, my hesitancy is tempered with the fact that whatever the seizing creditor's burden is, it is more properly addressed on the merits of the case.

ON REHEARING
PER CURIAM.
In reviewing Delta's application we have considered whether our original opinion conflicts with this court's opinion in Aiavolasiti v. Kurtz, 361 So.2d 964, 967 (La.App. 4th Cir.1978). There the court held that a debtor who does not challenge the judicial sale process before the sale was made may not subsequently attack the sale as having been done without appraisal.
In First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834, 842 (La. 1987) the court held that the creditor seeking a deficiency judgment after executory proceedings, must aver and prove that the property was sold after appraisement in accordance with law, and the debtor may assert the defense that the property was not appraised in accordance with law. To the extent that the Aiavolasiti case is in conflict with the First Guaranty Bank case, the Aiavolasiti case has been overruled by implication.
The application for rehearing is denied.