188 So.2d 645 (1966)
Claude C. CARR, Plaintiff-Appellant,
v.
James E. LATTIER and Barbara Roach Lattier, Defendants-Appellees.
No. 10606.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
*646 Coen & Pliner, Shreveport, for appellant.
S. V. Prunty, Jr., Shreveport, for appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
HARDY, Judge.
This is a suit on a promissory note executed by defendants, husband and wife, in the principal sum of $2,272.20. From judgment in favor of defendants rejecting plaintiff's demands he has appealed.
The defense to plaintiff's suit was based upon the contention that defendant husband had been adjudicated a bankrupt and was discharged from the obligation asserted by plaintiff which was listed in the bankruptcy proceedings. Also urged as a defense was the proposition that the property mortgaged as security for the note sued on was sold without benefit of appraisement, thereby releasing defendants from personal liability for the indebtedness.
Before this court counsel for plaintiff-appellant has devoted his entire argument in brief to the proposition that the loan represented by the note was obtained upon the basis of a materially false and misleading financial statement executed by defendant husband upon the representations of which the plaintiff's assignor relied in making the loan.
Conceding the validity of plaintiff's position on this point, there remains the issue presented by the second defense above noted.
The provisions of LSA-R.S. 13:4106 and 4107, commonly known as the Deficiency Judgment Act, discharge the debtor from personal liability when the creditor provokes a judicial sale without benefit of appraisement. The jurisprudence has applied this release from liability to private as well as judicial sales. The discharge of a debtor under such circumstances has been upheld in Universal C.I.T. Credit Corporation v. Hulett (La. App., 3rd Cir., 1963), 151 So.2d 705; Shreveport Auto Finance Corporation v. Harrington (La.App., 2nd Cir., 1959), 113 So.2d 476; and David Investment Co., Inc. v. Wright (La.App., 1st Cir., 1956), 89 So.2d 442.
Of further relevance is the limitation of C.C.P. Article 2771 which authorizes a deficiency judgment only if the property has been sold after appraisal.
The record admits of no dispute as to the facts that Carr Investment Corporation, original holder of the note involved, permitted defendant's home, which was mortgaged as security for the note, to be adjudicated to the first mortgagee; that thereafter Carr Investment Corporation provoked the sale by the Trustee in Bankruptcy of the movable property included in the mortgage securing the note, to one Edward Coen; that the sales of the mortgaged property were made without benefit of appraisement.
Under the above facts there can be no question that the creditor has forfeited his right to obtain a deficiency judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.