467 So.2d 1251 (1985)
INTERNATIONAL HARVESTER CREDIT CORPORATION, Plaintiff-Appellee,
v.
Irving R. MAJORS, Sr., Defendant-Appellant.
No. 16869-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
Mayer, Smith & Roberts by George T. Allen, Jr., Shreveport, for plaintiff-appellee.
Simon, Fitzgerald, Cooke & Reed by Keith M. Welch, Shreveport, for defendant-appellant.
Before HALL, SEXTON and NORRIS, JJ.
*1252 NORRIS, Judge.
This is a petition for a deficiency judgment after the judicial sale in executory proceedings of six separate pieces of farm equipment. The lower court granted a motion for summary judgment against the original defendant in the executory proceeding. This defendant appeals contending that certain statutory rules governing executory process and deficiency judgments were not complied with and, therefore, summary judgment was improper. We find merit in appellant's contention, reverse and remand for further proceedings.

FACTS
On March 22, 1983, International Harvester Credit Corporation (IHCC) filed a petition for executory process against Dr. Irving R. Majors, Sr. The petition alleges that IHCC is the holder of a promissory note dated October 15, 1981, in the principal amount of $195,881.70, payable to the order of "bearer" in ten installments of $19,588.17 each, which was in default, and which was secured by a chattel mortgage on six separate pieces of farm equipment. Attached to the unverified petition is a true copy of the note and mortgage. On the same date, the district judge signed an order issuing a writ of seizure and sale of the equipment. A form appraisal appears in the record signed by two individuals, one appointed by IHCC and one appointed by the sheriff for appellant. The appraisers took the oath and listed the pieces of farm equipment[1] separately but they apparently appraised the property "in globo" for the figure of $50,500. On January 18, 1984, the property was sold at sheriff's sale to IHCC for $33,670. Thereafter, on March 13, 1984, IHCC filed a petition for deficiency judgment against Dr. Majors and his two children, the alleged heirs of Dr. Majors's deceased wife. On April 12, 1984, an answer denying the allegations of the deficiency judgment petition was filed on behalf of appellant and the co-defendants. On June 4, 1984, IHCC filed a motion for summary judgment against appellant only, supported by an affidavit from IHCC's district collection supervisor attesting to the correctness of the amount sued on. No counter affidavits were filed. The lower court, after a hearing on the motion, granted summary judgment orally, stating that no counter affidavits were filed and that a sale pursuant to the executory proceeding had already been held as the basis for its ruling. Judgment was signed accordingly on July 5, 1984, and it is from this judgment that appellant appeals assigning as error the following:
(1) Because plaintiff failed to verify or support with affidavits the prior executory proceeding petition, the summary judgment should not have been granted;
(2) Because the property was not appraised in accordance with applicable law, the granting of the summary judgment was error;
(3) The summary judgment should not have been granted because the confession of judgment was not evidenced by authentic act or by act under private signature;
(4) The amount awarded in the deficiency judgment was clearly wrong;
(5) Twenty-five percent attorney's fees were not clearly justified on the face of the record and were not proved by affidavits or testimony, thus summary judgment was improper; and
(6) Summary judgment was improperly granted since lack of supporting affidavit resulted in the mover's failure to carry its burden of proof.
Finding merit in assignment of error number 2, we conclude summary judgment was inappropriately granted and pretermit *1253 discussion of appellant's other assignments of error.
Appellant argues in his second assignment that the statutory provisions governing executory process and deficiency judgments were not complied with. Specifically, he urges that the appraisal was not made in accordance with La.R.S. 13:4365 which mandates in pertinent part that "[T]he property seized must be appraised with such minuteness that it can be sold together or separately."
In its petition for deficiency judgment, IHCC alleges in paragraph 8 that, "[O]n January 18, 1984, after the seized equipment had been duly appraised according to law, the equipment was adjudicated to Petitioner for $33,670 by the sheriff of Bossier Parish at public auction, all in accordance with law ..." In his answer, Dr. Majors denies this allegation.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984), writ denied 457 So.2d 11 (La. 1984); La.C.C.P. art. 966. In considering a motion for summary judgment, the court should resolve every reasonable doubt against the mover. Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir. 1984), writ denied 457 So.2d 1194 (La.1984).
Executory process is a harsh remedy and a mover seeking to avail himself of executory process must strictly comply with the letter of statutory requirements for its use. Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App. 2d Cir.1983); Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3d Cir.1981). Where these statutory requirements have not been followed, these fundamental defects, such as the lack of proper appraisal, may be urged to resist a deficiency judgment sought after a judicial sale pursuant to executory process. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Chrysler Credit Corp. v. Brown, 452 So.2d 810 (La.App. 3d Cir.1984).
The legislature by enacting La. R.S. 13:4106 has expressed the strong public policy that deficiency judgments are prohibited except in cases where the sale has been made with legal appraisement. Tapp v. Guaranty Finance Co., Inc., 158 So.2d 228 (La.App. 1st Cir.1963), writ refused, 245 La. 640, 160 So.2d 228 (1964). The creditor is, therefore, denied the additional remedy of a deficiency judgment, except where the seized property has been sold with appraisal, in order to protect debtors from possible abuse resulting from the judicial sale of property without notice or proper appraisement. Ardoin v. Fontenot, 374 So.2d 1273 (La.App. 3d Cir.1979). The remedy of the deficiency judgment is subject to abuse if the provisions of La.R.S. 13:4365 are not strictly complied with. Public policy seeks to protect the debtor from possible abuse resulting from the judicial sale of his property without the benefit of proper appraisement. Ford Motor Credit Co. v. Soileau, 323 So.2d 221 (La. App. 3d Cir.1975).[2] In order to prevent the thwarting of that public policy, it is necessary that the statutory requirements be complied with. Ford Motor Credit Co. v. Samec, 227 So.2d 164 (La.App. 2d Cir. 1969). Lack of compliance with the statutory requirements for appraisal precludes a deficiency judgment. Credithrift of America, Inc. v. Williams, supra; Carr v. Lattier, 188 So.2d 645 (La.App. 2d Cir.1966); La.C.C.P. arts. 2771, 2723. No deficiency judgment can be obtained if the sale is made without appraisal. La.R.S. 13:4106; Ford Motor Credit Co. v. Soileau, supra. Thus, though a sale with appraisal is not required for executory process under C.C.P. art. 2723, a sale with appraisal is *1254 absolutely required in order for a creditor to obtain a deficiency judgment.
The appraisal form contained in the pleadings strongly indicates that the six separate pieces of movable farm equipment were not appraised with such minuteness that they could have been sold separately. Thus, it appears solely from the pleadings that the purported appraisal was invalid and thus served as no appraisal at all. Credithrift of America, Inc. v. Williams, supra. Therefore, the deficiency judgment granted appears to have been obtained in violation of C.C.P. art. 2771 and R.S. 13:4106. The obvious purpose of minute appraisals under the statute is to protect debtors from unnecessary deficiency judgments by encouraging more competitive bidding on each piece of equipment sold rather than forcing prospective buyers to bid on the equipment in globo. It is certainly possible, if not probable, that more money could have been realized from the sale had the farm equipment been sold separately. In order to accomplish that, each piece of equipment would, of necessity, have had to be appraised separately. The record in this case leads us to conclude that this obviously was not done.
Here, as in Credithrift of America, Inc. v. Williams, supra, the defect in the executory proceedings is a fundamental one and is clearly evident from the appraisal form that appears in the pleadings. The effect of the illegal appraisal is the same as no appraisal at all and, under the provisions of C.C.P. art. 2771 and R.S. 13:4106, the creditor is precluded from obtaining a deficiency judgment.
We are cognizant of the holding in Calcasieu Marine National Bank, etc. v. Miller, 422 So.2d 558 (La.App. 3d Cir.1982), in which a mobile home was appraised without separately appraising the furniture and built-in appliances contained therein. After a trial, the lower court held the appraisal was so casual as to be no appraisal at all and the Court of Appeal reversed on the basis that no evidence was adduced at trial to show that a separate appraisal was possible.[3]Calcasieu is distinguishable from the instant case because the mobile home there was sold as a unit containing the built-in appliances and furniture. The farm equipment in the instant case was sold as separate items, albeit at the same time. Even if we applied the rationale of Calcasieu, however, we believe IHCC could not prevail since there still exists a genuine issue of material fact as to whether separate appraisals of the pieces of equipment involved here would have been possible.
For the foregoing reasons, we conclude that there appears on the face of the pleadings at least a genuine issue of material fact, i.e., whether separate appraisals of the pieces of equipment were possible pursuant to R.S. 13:4365; and further that IHCC is not entitled to summary judgment as a matter of law. The granting of the motion for summary judgment is reversed and this matter is remanded for further proceedings. Costs of appeal are assessed against appellee, International Harvester Credit Corporation.
REVERSED AND REMANDED.
NOTES
[1] The described farm equipment is:

1 International Tractor 2 + 2 Ser. # 10320
1 # 9901 International Harvester Tractor, Model 3788
1 International Harvester # 496 Disk Harrow Ser. # 38760
1 FMC Model 2000 Plow Ser. # 191449
1 International Harvester # 5500 Chisel Plow, Ser. # 3916
1 Barrentine 9-Shank Plow, Ser. # 309
[2] The third circuit also reversed the trial court on a no cause of action issue which did not affect its prior ruling. See Ford Motor Credit Co. v. Soileau, 357 So.2d 563 (La.App. 3d Cir. 1978).
[3] We note the strong dissenting opinions by Judges Laborde and Doucet in this case.