469 So.2d 424 (1985)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE CHARLES, Plaintiff-Appellee,
v.
Dewey Edward MORROW and Juanita Eloise Morrow, Defendants-Appellants.
No. 84-378.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*425 Jeff E. Townsend, Jr., Lake Charles, for plaintiff-appellee.
Jones, Tete, Nolen, Hanchly, Swift & Spears, David F. Dwight, Lake Charles, for defendants-appellants.
Before DOMENGEAUX, YELVERTON and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
This is a suit for a deficiency judgment following the judicial sale of mortgaged immovable property in executory proceedings. The defendants appeal alleging that the district court erred in granting the deficiency judgment because of non-compliance with the statutes governing appraisals.
The plaintiff-appellee, First Federal Savings & Loan Association of Lake Charles, is the holder and owner of two promissory notes made by Dewey Edward Morrow and Juanita Eloise Morrow. The notes were *426 made in consideration for money loaned and advanced to the defendants by the plaintiff. The notes are payable to the order of the plaintiff and are secured by a mortgage on immovable property located in Calcasieu Parish. The first note (hereinafter referred to as Note 1) was executed on July 28, 1978, in the sum of $33,200.00 at 9½ per annum interest. The second note (hereinafter referred to as Note 2) was made on July 1, 1982, in the amount of $30,000.00 at 18% interest per annum.
The mortgagors conferred upon First Federal the rights to use executory process and to sell the immovable property described in the mortgage without appraisement in the event of default by the defendants.
The last payment on the notes was made in March, 1983. On July 22, 1983, pursuant to the acceleration clauses contained in the notes, the plaintiff bank declared the entire indebtedness due and instituted proceedings by executory process to seize and sell the mortgaged property. The principal balance due on Note 1 was $30,455.16, and the principal balance owed on Note 2 was $29,904.89.
The property was seized by the Calcasieu Parish Sheriff's Department on July 28, 1983. On July 25, 1983, the defendants were notified to name an appraiser and that the sale would take place on September 14, 1983. On September 13, 1983, the defendants were notified that the sale date had been changed to November 2, 1983, and again it was requested that they appoint an appraiser. The plaintiff was similarly notified.
On November 2, 1983, the sale was held and the immovable property was purchased by First Federal for $45,000.00. The net proceeds of the sale was $43,374.82. The proces verbal of the judicial sale states that there was compliance with all of the formalities required for a judicial sale with appraisal.
First Federal then obtained a deficiency judgment by default against the defendants for:
1) THIRTY THOUSAND FOUR HUNDRED FIFTY-FIVE AND 16/100 ($30,455.16) DOLLARS, with interest at the rate of 9½ per annum from January 28, 1983, until paid in full; and
2) TWENTY-NINE THOUSAND NINE HUNDRED FOUR AND 89/100 ($29,904.89) DOLLARS, with interest at the rate of 18% per annum from January 1, 1983, until paid in full,
together with 10% additional on the amount of both principal and interest as attorney's fees, together with all costs of the proceedings, subject to a credit of Forty-Three Thousand, Three Hundred Seventy-Four and 82/100 ($43,374.82) Dollars for the proceeds of the November 2, 1983 sale.
The defendants-appellants argue that the deficiency judgment should not be granted because the appraisal which was dated October 31, 1983, was not delivered timely for a November 2, 1983 sale. The appellants further contend that an appraiser's "appraisal sheet" which was dated November 2, 1983, invalidates the appraiser's sworn appraisal dated October 31, 1983.
"A creditor may obtain a deficiency judgment only if the property has been sold in an executory proceeding after an appraisal in accordance with law. LSA-C.C.P. arts. 2771, 2723. No deficiency judgment can be obtained if the sale is made without appraisal. LSA-R.S. 13:4106; Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La.App. 4th Cir.1980); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir.1975). Thus, though a sale with appraisal is not required under C.C.P. art. 2723, a sale with appraisal is required in order for a creditor to obtain a deficiency judgment."
Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App. 2nd Cir.1983).
The thrust of the appellant's argument is that should we find his contentions have merit the deficiency judgment should have been invalidated because the sale was made, in effect, without appraisal. The appellants were cited as defendants in this suit prior to the seizure and were aware of *427 the sale under the writ of fieri facias. They were notified of each and every step in the seizure and sale proceeding. If they wished to question the procedure, it was incumbent on them to challenge the process before the sale was made rather than sit back and save their attack only if they were not pleased with the result of the sale. Aiavolasiti v. Kurtz, 361 So.2d 964 (La.App. 4th Cir.1978), amended on other grounds, 371 So.2d 755 (La.1979). We therefore conclude that the appellants have not timely contested the validity of the appraisals and are thus precluded from raising the appraisal's validity on appeal.
Nevertheless, assuming arguendo that our above conclusion may be questioned at some time up the appellate ladder, we choose to consider appellants' contentions.
As we noted previously, lack of compliance with the statutory requirements for appraisement precludes a deficiency judgment. See Credithrift of America, Inc. v. Williams, supra, and Carr v. Lattier, 188 So.2d 645 (La.App. 2nd Cir.1966). However, where the Sheriff's return of judicial sale shows on its face that all of the requirements for appraisement were met, it will be presumed that there was a legal appraisement, unless the contrary can be proved by the debtor. Calcasieu Marine National Bank, etc. v. Miller, 422 So.2d 558 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 153 (La.1983).
La.R.S. 13:4363(A) provides in pertinent part that: "The appraisal of the debtor and seizing creditor shall be made and delivered to the Sheriff at least two days, exclusive of holidays, prior to the time of the sale."
The appellants claim that the sworn appraisal which was dated October 31, 1983, was not turned in to the Sheriff in the required two days prior to the time of the November 2, 1983 sale.
La.C.C.P. Art. 5059 establishes the method courts must use for computing statutory time periods, it provides:
"In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last days of the period; or
(3) The period is less than seven days."
In the instant case the November 2, 1983 sale date is the event which causes the two day time period for delivery of the appraisal to run. In computing the two day time period November 2, 1983, is not counted. Counting back two days from November 2, 1983, results in a time period for which the appraisement must be delivered to the Sheriff to elapse on October 31, 1983. La.C.C.P. Art. 5059 states that the last day of the time period is to be included in the computation. We therefore hold that the appraisement dated October 31, 1983, was timely for a November 2, 1983, sale. The appellants have not met their burden of proving the appraisal was not timely.
The appellant further asserts that an "appraisal sheet" turned in by one of the two appraisers who signed the "sworn" appraisement invalidates the "sworn" appraisement because the "appraisal sheet" is dated November 2, 1983.
The record indicates that two appraisers have reduced their appraisal to writing and have signed the appraisement. That document is dated October 31, 1983, and is signed by a deputy sheriff of Calcasieu Parish. It appears from the record that this is the formal appraisal required by La.R.S. 13:4363 and 13:4365. The defendants-appellants have failed to prove how an appraisal sheet signed by an appraiser on November 2, 1983, supercedes the formal appraisal thereby rebutting the presumption that the sale with appraisal was valid.
*428 For the above and foregoing reasons the decision of the district court granting the deficiency judgment is affirmed. All costs on appeal to be assessed against defendants-appellants.
AFFIRMED.