527 So.2d 1132 (1988)
BANK OF NEW ROADS
v.
LIVONIA SOUTH, INC.
No. CA 87 0805.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
*1134 Richard B. Minogue, Francis A. Smith, Jr., Kearney, Smith, Chustz & Minogue, New Roads, for plaintiff-appellant.
Richard J. Ward, Jr., Maringouin, for defendant-appellee.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
This is a suit for a deficiency judgment following the judicial sale of mortgaged immovable property in executory proceedings. The trial court dismissed plaintiff's action by sustaining a peremptory exception of no right of action filed by one of the defendants. Plaintiff appeals, contending that all statutory rules governing executory process and deficiency judgments were complied with and, therefore, the trial court erred in denying its right to a deficiency judgment. We find merit in appellant's contention, reverse and remand for further proceedings.

FACTS
On December 31, 1985, Bank of New Roads filed a petition for executory process against Livonia South, Inc. The petition alleges that the plaintiff is the holder of a promissory note executed by defendant in the principal amount of $574,999.00, which was in default, and which was secured by a collateral mortgage note in the amount of $575,000.00 and a collateral mortgage covering 101.20 acres in Pointe Coupee Parish. The principal balance due on the promissory note was $310,573.90, plus unpaid interest. The petition was served on the corporation and five of its principals who had signed continuing guaranties for $575,000.00. On January 13, 1986, the sheriff seized the property pursuant to a writ of seizure and sale. A form appraisal appears in the record signed by two individuals, one appointed by plaintiff and one appointed by the sheriff for defendant. Attached thereto is a typed description of the property, which was appraised for $335,974.00. On March 26, 1986, the property was sold at sheriff's sale to plaintiff for $300,000.00. Thereafter, on May 20, 1986, plaintiff, Bank of New Roads, filed a petition for deficiency judgment against the corporation, Livonia South, Inc., and two of the guarantors, Santa A. Nicosia, Jr. and Norris J. Decoteau. An answer denying the allegations of the deficiency judgment petition was filed by Mr. Nicosia. Plaintiff filed a motion for summary judgment against Mr. Nicosia only, who responded thereto with a motion for summary judgment and peremptory exception of no cause and/or right of action. The trial court, after a hearing on the same, denied both motions for summary judgment and took defendant's exception of no right of action under advisement. Thereafter, the court rendered judgment denying both motions for summary judgment and defendant's exception of no cause of action, and granting defendant's exception of no right of action. No written reasons were given. Plaintiff filed a motion for new trial, which was subsequently heard on April 23, 1987. In denying the motion, the trial court stated orally that the appraisal was improper because (1) the appraisers did not submit separate signed written appraisals to the sheriff, but instead signed a blank form which the sheriff filled in; and (2) the appraisers did not appraise the property with such minuteness that it could be sold separately or in globo. The court noted that the bank knew that the property had been subdivided, but appraised it as one tract of land when "obviously it would not go for as much money as it would have had it been sold lot by lot." It is from the judgment sustaining the exception of no right of action filed by Mr. Nicosia that plaintiff appeals, assigning as error the following:
(1) The trial court erred in determining that the appraisal form in the record does not satisfy the requirement of a written appraisal;
(2) The trial court erred in determining that when a subdivision is created after a single mortgage is granted on the whole tract, the creditor must seize, appraise and sell each lot separately in an executory proceeding in order to retain its right to a deficiency;

*1135 (3) The trial court erred in determining the appraisal was invalid without considering all of the circumstances;
(4) The trial court erred in not applying the strong public policy expressed in La. R.S. 13:4108.1 to its decision.
Although not assigned as error, we find that the exception of no right of action was inappropriately granted. An exception of no right of action questions the right of a plaintiff to institute the suit, i.e., whether or not he has an interest in the subject matter of the proceedings. La. Code Civ.P. art. 927(5). Clearly, a creditor has a right of action to obtain a deficiency judgment against a debtor whose property has been sold under executory proceeding after appraisal. See La. Code Civ.P. art. 2771; La.R.S. 13:4106. The impropriety or unlawfulness of the appraisal are matters which address themselves to the merits. Evidence supporting or controverting an objection of no right of action is admissible, but the objection of no right of action cannot be used simply because there may be a valid defense to the proceeding. In Re Norton, 471 So.2d 1053 (La.App. 1st Cir. 1985). Although we find that the trial court erred in sustaining the peremptory exception of no right of action, we will, however, address the specifications of error assigned by appellant.

VALIDITY OF APPRAISAL
In assignment of error number one, plaintiff argues that it is not required that an appraiser prepare a separate written appraisal and deliver it to the sheriff. In assignment of error number two, plaintiff alleges that, under the facts of this case, the creditor need not appraise and sell the property seized on a lot by lot basis. By means of assignment of error number three, plaintiff contends that, since a fair and just appraisal giving full market value on a lot by lot basis was made, the court should not hold that the sale was made without appraisal.
A creditor may obtain a deficiency judgment only if the property has been sold in an executory proceeding after an appraisal in accordance with law. La. Code Civ.P. arts. 2771, 2723. No deficiency judgment can be obtained if the sale is made without appraisal. La.R.S. 13:4106. Thus, though a sale with appraisal is not required under art. 2723, a sale with appraisal is required in order for a creditor to obtain a deficiency judgment. First Federal Savings and Loan Association of Lake Charles v. Morrow, 469 So.2d 424 (La.App. 3d Cir.), writ denied, 474 So.2d 1304 (La.1985). Where the sheriff's return shows on its face that all requirements for appraisement were met, it will be presumed that there was a legal appraisement, unless the contrary be proved by the debtor. Calcasieu Marine National Bank of Lake Charles v. Miller, 422 So.2d 558 (La.App. 3d Cir.1982), writ denied, 429 So.2d 153 (La.1983).
The requirements for appraisals incident to judicial sales are set out, in pertinent part, in La.R.S. 13:4365 as follows:
A. The appraisers shall take an oath to make a true and just appraisal of the property.
. . . . .
C. The property seized must be appraised with such minuteness that it can be sold together or separately.
D. The appraisers shall reduce their appraisal to writing, sign it, and deliver it to the sheriff.
First, we note that defendant, Mr. Nicosia, was served with a copy of the petition for executory process and was aware of the sale under the writ of seizure and sale. He was notified of each and every step in the seizure and sale proceeding. If he wished to question the procedure, it was incumbent on him to challenge the process before the sale was made rather than sit back and save his attack only if he was not pleased with the result of the sale. We are of the opinion that, since defendant did not timely contest the validity of the appraisals, he should be precluded from thereafter raising the issue of the appraisal's validity. See First Federal Savings and Loan Association of Lake Charles v. Morrow, supra.
Further, we agree with plaintiff that La.R.S. 13:4365(D) does not require the submission to the sheriff of a separate *1136 written appraisal. In fact, it is customary to use form appraisals on which the value assigned to the property is filled in, as well as the description of the property appraised, and the form is signed by the appraisers. In the instant case, it is obvious that, due to the length of the description of the property involved, a typed attachment was substituted for the written description of the property. The appraiser appointed by the sheriff for the defendant, Mr. Jimmy Laurent, testified at the hearing on the motion for summary judgment that the typed attachment describing the property corresponded to the copy that he was given to use for his appraisal. We conclude that the appraisal in this case satisfies the requirements of La.R.S. 13:4365(D).
We also find merit in plaintiff's contention that the trial court erred in finding the appraisal invalid for failure to list the lots separately. The requirement of La.R.S. 13:4365(C) that property must be appraised with such minuteness that it could be sold separately or together applies to cases wherein the mortgage covers separate pieces of property, e.g., separate pieces of movable farm equipment. See International Harvester Credit Corporation v. Majors, 467 So.2d 1251 (La.App. 2d Cir.1985). Here, the mortgage covers one tract of land consisting of 101.20 acres. After the mortgage was executed, the land was subdivided into lots. This is immaterial. A mortgage is by its nature indivisible and prevails over all the immovables subject to it. La.Civ.Code art. 3282. The mortgagee can execute on only that property encumbered by the mortgage. If the mortgage here covered numerous lots of property, in order to maintain the right to a deficiency judgment, each lot would have had to be appraised separately in the event it would have been monetarily advantageous to sell each lot separately. It is certainly likely that there will be instances where competitive bidding on separate pieces of property would cause the realization of more money than selling the property in globo. The debtor would then bear the burden of proving the advantages of selling the property separately. This is in harmony with the obvious purpose of minute appraisals under the statute, namely, to protect debtors from unnecessary deficiency judgments. See International Harvester Credit Corporation v. Majors, supra.
In line with the above, we agree with plaintiff that the trial court should consider various circumstances in determining the validity of an appraisal which does not list each lot separately. Here, the appraiser, Mr. Laurent, did, in fact, appraise each lot using per-acre valuation and then arrived at a collective in globo total. This shows that the amount of the appraisal was fair and correct. Moreover, there is no contention of error or fraud in the appraisement. These facts should influence the determination of plaintiff's entitlement to a deficiency judgment. See Calcasieu Marine National Bank of Lake Charles v. Miller, supra.
In his final assignment of error, plaintiff urges that La.R.S. 13:4108.1 should be applied in this case. This statute, which was enacted by Act 489 of 1986, was not in effect when the sheriff's sale took place in this case. It provides that, in commercial transactions, a mortgagee has the right to pursue a deficiency judgment when the property has been sold at a judicial sale with or without appraisal. Insofar as this statute alters the deficiency judgment law, it is clearly substantive in nature and may not be applied retroactively.
For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception of no right of action filed on behalf of Santa A. Nicosia, Jr., is reversed. This matter is remanded for further proceedings not inconsistent with this opinion. Costs of appeal are assessed against appellee.
REVERSED AND REMANDED.
CARTER, J., concurs.