610 So.2d 927 (1992)
BANK OF COMMERCE AND TRUST COMPANY
v.
Hypolite T. LANDRY, Deborah S. Landry.
No. CA 91 1759.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
Writ Denied February 5, 1993.
*928 Joseph Housan Fenner, Baton Rouge, for plaintiff-appellant Bank of Commerce & Trust Co.
Michelle W. Laborde, Baton Rouge, for defendants-appellees Hypolite T. Landry, et ux.
*929 Before LOTTINGER, C.J., FOIL, J., and COVINGTON,[*] J. Pro Tem.
LOTTINGER, Chief Judge.
This is a suit for a deficiency judgment brought by Bank of Commerce and Trust (BCT) against Hypolite T. Landry and Deborah S. Landry. The trial court granted the defendants' motion for partial summary judgment, and the plaintiff bank appeals. The question presented in this case is whether a debtor may defend a deficiency judgment action by challenging the correctness of the appraisal.

FACTS
The material facts of this case are undisputed. On August 20, 1984, the Landrys purchased five apartment buildings in St. Francisville, Louisiana from the plaintiff, BCT. Each building contained four units. On the same date a promissory note was executed by the Landrys in favor of BCT for $557,000. The note was paraphed "Ne Varietur" for identification with the act of sale and mortgage.
BCT restructured the terms of the loan twice before filing a petition for executory process on June 1, 1989, in the 20th Judicial District, West Feliciana Parish. Both BCT and the Landrys appointed appraisers, Clifford Wilcox and John Lejeune, respectively. The appraisers were given a copy of the "Notice of Seizure" describing in two paragraphs the five properties to be appraised. Paragraph ONE listed lots 4, 5, 9, and 14 and paragraph TWO described lot 11-A. The appraisers assigned each unit a value of $60,000; however, only the four lots listed in paragraph ONE were appraised. The appraisers had no explanation for the omission of lot 11-A other than inadvertent error due to the format of the property description. This omission by the appraisers was apparently not noticed by the sheriff as the notarized appraisal form, completed by the sheriff, and signed by both appraisers, indicated that all five lots were appraised for a total value of $240,000. The sheriff's form appraised the properties in globo.
BCT purchased the five properties, in globo, at the August 2, 1989 judicial sale for $160,000, two-thirds of $240,000. On August 22, 1989, BCT filed the present action praying for a deficiency judgment against the debtors for the unpaid principal of $534,491.32, plus interest and attorney's fees, less a credit of $153,897.56 (the proceeds of the judicial sale less the costs of sale, $160,000 - $6,102.44).
The trial court granted the defendant's motion for summary judgment holding that BCT could not carry its burden of proving a true and just appraisal and thus the bank could not recover any deficiency from the Landrys. BCT appeals this ruling.

ASSIGNMENTS OF ERROR
BCT has raised the following assignments of error:
1. The trial court erred in refusing to apply Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132 (La.App. 1st Cir.), writ denied, 532 So.2d 150 (La. 1988).
2. The trial court erred in granting summary judgment in favor of the defendants in that the evidence before the trial court indicated that the defendants were not entitled to judgment as a matter of law due to the fact that the defendants failed to timely contest the alleged deficiencies in the appraisal process prior to the judicial sale of the properties.
3. The trial court erred in denying BCT's summary judgment in that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, showed that there were no genuine issues of material fact, and BCT was entitled to a judgment as a matter of law.
4. The trial court erred in granting summary judgment in that the evidence before it presented a genuine issue of material fact with respect to which party's agent contributed and was the proximate *930 cause of the alleged defect in the appraisal procedures leading up to the judicial sale of the properties.

DEFICIENCY JUDGMENT
BCT argues that Bank of New Roads is controlling precedent and that the trial court erred in failing to apply its holding to the present facts. We find that Bank of New Roads is factually distinguishable and implicitly recognizes the ability of a debtor to contest errors in the appraisal process after the judicial sale has taken place.
In Bank of New Roads, the debtor in a deficiency judgment action claimed that the creditor was barred from collecting a deficiency due to defects in the appraisal process. The debtor contended that the appraisal was invalid as the appraisers did not submit separate written appraisals and did not appraise the property with such minuteness that it could be sold separately, thus violating La.R.S. 13:4365(D) and (C) respectively. This court held first, that the alleged defects did not preclude a deficiency judgment and, further that "it was incumbent on him [the debtor] to challenge the process before the sale was made rather than sit back and save his attack only if he was not pleased with the result of the sale." Bank of New Roads, 527 So.2d at 1135.
Bank of New Roads relies on First Federal Savings and Loan Association of Lake Charles v. Morrow, 469 So.2d 424 (La.App. 3d Cir.), writ denied, 474 So.2d 1304 (La.1985), for the proposition that a debtor who fails to contest the validity of appraisal timely (by injunction or suspensive appeal prior to the judicial sale, La. Code Civ.P. art. 2642) is thereafter precluded from challenging its validity. In First Federal, the Third Circuit held that a debtor could not defeat a deficiency judgment by proving, after the judicial sale, that the appraisal was conducted less than two days before the sale as required by La.R.S. 13:4363(A). In reaching its conclusion the Third Circuit relied on Aiavolasiti v. Kurtz, 361 So.2d 964, 967 (La.App. 4th Cir.1978), amended on other grounds, 371 So.2d 755 (La.1979), which holds that a debtor is precluded from challenging the qualifications of the appraisers after the judicial sale had taken place. Aiavolasiti failed to cite any decision or statute as authority for this proposition and has been expressly overruled by the Fourth Circuit in Delta Savings and Loan Association, Inc. v. Berthelot, 570 So.2d 459 (La.App. 4th Cir.1990). In First Federal, Bank of New Roads, and Aiavolasiti the debtor was challenging procedural formalities in the appraisal process rather than the substantive correctness of the appraisal. Bank of New Roads implicitly recognizes the debtor's ability to challenge the appraisal based on error or fraud. When, as in the instant case, the debtor is alleging that the appraisal was not true and just, the fact that the judicial sale has occurred does not preclude the debtor from challenging the validity of the appraisal in a deficiency judgment action. Thus, we hold that Bank of New Roads precludes procedural challenges to the appraisal process subsequent to the judicial sale, but does not preclude an attack of the appraisal based on substantive defects such as error or fraud.[1]
This determination is consistent with Louisiana Supreme Court jurisprudence. In First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 843 (La.1987), the Louisiana Supreme Court held that the failure of the creditor to introduce a corporate resolution authorizing the bank to enter into a mortgage was a minor defect in the formal requirements for executory process and did not render the entire proceeding null. Thus, the creditor was entitled to a deficiency judgment. That decision overruled League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), which held that procedural defects *931 in executory proceedings barred the creditor from pursuing a deficiency. The court reasoned that it was an anomaly to allow a debtor who did not contest the procedural defect in an executory proceeding timely to defeat the deficiency action, while the debtor who had contested the defect timely would be subject to the personal liability of a deficiency judgment. First Guaranty, 529 So.2d at 843.
In the present case the debtor is not alleging a minor defect in formal, evidentiary requirements mandated by the executory process statutes, but is averring that the failure to appraise lot 11-A is a substantive, prejudicial defect in the appraisal process invoking the Deficiency Judgment Act and its prohibition of deficiency judgment when a sale is made without appraisal. La.R.S. 13:4106. If debtors were precluded from contesting the validity of appraisals at the deficiency judgment proceeding, La.R.S. 13:4106 would be rendered meaningless. Creditors are allowed to use executory process to expedite enforcement of the mortgage. The Deficiency Judgment Act protects debtors from creditors selling mortgaged property at a low price and pursuing the debtor for the remaining obligation. As such, it is the creditor who bears the burden of complying with the appraisal requirements.
The Louisiana Supreme Court in First Guaranty emphasized a number of times that a valid appraisal is required in order to pursue a deficiency judgment. 529 So.2d at 842, 843, and 844. The Court reiterated the importance of appraisal in First Acadiana Bank v. Bieber, 582 So.2d 1293, 1296 (La.1991), stating that, "[i]t is a defect in the proof of compliance with the appraisal requirements in the executory proceeding, and not a defect in the proof of obligation at the trial on the merits, which triggers La.Rev.Stat. 13:4106 A's prohibition against obtaining further any recovery against the debtor" (Emphasis in original). Both First Guaranty and First Acadiana, in dicta, place the burden of proving compliance with the appraisal statutes on the plaintiff/creditor in a deficiency action. First Guaranty, 529 So.2d at 842 and First Acadiana, 582 So.2d at 1296.
Bank of New Roads follows a line of jurisprudence holding that where the sheriff's return shows on its face that all requirements for appraisement were met, it will be presumed that there was a legal appraisal, unless the contrary can be proved by the debtor. Id. at 1135. Therefore, in this circuit, when the sheriff's return shows on its face that a proper appraisal was conducted, the debtor bears the burden of proving that the statutory requirements for appraisal contained in La. R.S. 13:4363-13:4366 were violated. We find in the present case that the debtor has successfully rebutted the presumptive correctness of the sheriff's return. Both appraisers admit in their depositions that only four units were appraised. BCT does not argue that all units were appraised, instead they rely on the argument that the debtor is precluded from asserting a defect in the appraisal after judicial sale. As discussed above we do not agree. It is clear that lot 11-A and the apartment unit built upon it were sold without appraisal.
The Louisiana legislature enacted La.R.S. 13:4106 in order to protect debtors from excessive liability when a creditor has mortgaged property sold without appraisal under executory process. Therefore, the consequence of selling seized property without appraisal is clear: the debt shall be considered fully satisfied and discharged. An appraisal which is not true and just is an invalid appraisal. La.R.S. 13:4365(A). A judicial sale conducted under an invalid appraisal is indistinguishable from a sale made without appraisal. We find that BCT sold the property subject to the mortgage without a valid appraisal. In subsection (B) of La. R.S. 13:4106, the situation where multiple properties are subject to one mortgage is addressed:
(B) If a mortgage or pledge affects two or more properties, moveable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.
*932 In the context of this statute "enforcement of the mortgage" simply grants to the creditor the right to seize and sell property subject to the mortgage. It does not allow a creditor to sell some of the properties without appraisal and collect a deficiency judgment on those sold with appraisal. The concept of indivisibility of the mortgage is well settled. La.Civ.Code art. 3280. If the rule were otherwise, the courts would be required to determine what price the unappraised property would have yielded at a public sale, what portion of the property mortgaged was sold without appraisal, and what portion of the debt related to the unappraised property. Also, the trial court would be required to consider which valuation to use in each calculation; the purchase price, fair market value, or appraised value. We do not believe the legislature intended for the courts to engage in this exercise.

SUMMARY JUDGMENT
Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991) sets forth the standard for the granting of summary judgment. Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
Appellant argues, first, that summary judgment was improper due to the fact that the Landrys did not contest the appraisal before the judicial sale. This assignment of error has been addressed above.
Next, appellant argues that its own motion for summary judgment was improperly denied. While we agree there is no genuine issue of material fact in dispute, we do not find that appellant is entitled to judgment as a matter of law. As discussed above, we find the Landrys are so entitled. BCT's motion for summary judgment was properly denied.
Finally, appellant argues that the determination of which appraiser's mistake was the proximate cause of the defect in the appraisal is a genuine issue of material fact in dispute. Although this issue may be relevant in a tort suit, it is not relevant in a deficiency judgment action. In an action for a deficiency judgment, a valid appraisal of the property is mandatory. Even if BCT could prove that the debtor's appraiser was the proximate cause of the omission, the fact remains that BCT sold property, by executory process, without appraisal and is therefore barred from pursuing a deficiency judgment.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
FOIL, J., concurs and assigns reasons.
FOIL, Judge, concurring.
I concur in the result.
In Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132 (La.App. 1st Cir.), the debtor waited until after the sheriff's sale to contest the validity of the appraisal. The mortgage covered one tract of land consisting of 101.20 acres. After the mortgage was executed, the property was subdivided into lots. The executory process proceedings were filed seizing the property, and it was described as 101.20 acres. A copy of the petition had been served on the defendant and he was notified of each and every step in the seizure and sale proceedings. After the sheriff's sale, the mortgagee filed a deficiency judgment suit. The debtor's main defense was that the property should have been appraised and sold on a lot by lot basis rather than by acreage, as the property was worth more since it had been subdivided into lots. We held that the debtor who is apprised of every stage of the proceedings cannot sit idly by and later contest the sale at a later time. Further, in that case, it was shown that the appraiser did, in fact, appraise each lot using a per acre valuation, and then arrived at a collective in globo total. The opinion in the Bank of New Roads case may be misleading, (as the trial judge properly noted) but it stands for the proposition *933 that a debtor may not stand idly by and not object to most defects in executory proceedings and later contest them in a deficiency judgment action when he has been fully aware of every step in the proceedings and does not object until after the sale. But for a defect when a fundamental right of the debtor is involved or when the debtor is not apprised of every step in the proceedings, the debtor is not estopped from objecting, even after the sale. Apparently, these issues will have to be decided on a case-by-case method.
In this case, the defendants were not apprised of every step in the proceedings. They were served with notice of seizure of five lots. But before the sale the appraisers only appraised four lots at $60,000.00 each and submitted to the sheriff only the total, an appraised value of $240,000.00 for the entire property. Apparently, it was not until after the sale that the debtors were apprised of this fact. Therefore, in this case, the debtors were not apprised of every step in the proceedings before the sale. Therefore, the sheriff's sale in this case did not comply with the requirements of the Deficiency Judgment Act.
It would seem that an equitable remedy might be to hold that since one of the five lots was not appraised, and that the lots were actually appraised at $60,000.00 each (but a total of only $240,000.00 was submitted as the appraised value), that a deficiency judgment could not be obtained on the unappraised lot, but that one could be obtained on each of the others since they were actually appraised. However, since executory process is considered a very harsh remedy under the law, it has been consistently held that its use must strictly comply with its rules. In that regard, the legislature has enacted R.S. 13:4106(B), which provides as follows:
(B) If a mortgage or pledge affect two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property so affected thereby. (Emphasis added)
The term "in rem" means enforcement against the remaining property only, not a personal action against the debtor.
In the civil law, the law as written must be applied. In this instance, any change in the law must come from the legislature, not the courts.
For the foregoing reasons, I concur in the result.
NOTES
[*] Judge Grover L. Covington, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Also see Citizens Savings and Loan Association v. Kinchen, 588 So.2d 1214 (La.App. 1st Cir. 1991), writ granted, 595 So.2d 643 (La.1992), and Citicorp Acceptance Company Inc. v. Roussell, 601 So.2d 350 (La.App. 1st Cir. 1992), which both allowed the debtor to raise defects in the appraisal process as a defense to a deficiency judgment action.