635 So.2d 361 (1994)
WHITNEY NATIONAL BANK
v.
F.W.F, INC., C.O.O.R.S., Inc. d/b/a the Gourmet Shoppe, Inc., et al.
Elizabeth Jane Shool FORD, Wife of/and James J. Ford, et al.
v.
WHITNEY NATIONAL BANK, et al.
Nos. 93-CA-1152, 93-CA-1153.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
Rehearing Denied May 12, 1994.
*362 Clay J. Legros, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, for appellee.
Lawrence J. Smith, Glen Patrick McGrath, Lawrence J. Smith & Associates, New Orleans, for appellants.
Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is an appeal by the defendants from a summary judgment granted in a deficiency judgment proceeding. As we find no error of law or genuine issue of material fact, we affirm.
Plaintiff Whitney National Bank made a loan to defendants FWF, Inc., The Everything Shoppe, Inc., C.O.O.R.S., Inc. d/b/a The Gourmet Shoppe and James J. Ford. The loan was secured by a collateral chattel mortgage over inventory and equipment of two contiguous stores operated by The Everything Shoppe, Inc. and C.O.O.R.S., Inc. on Canal Street in New Orleans. The two stores were, at least when considered together, a combination of grocery and souvenir stores. The inventory consisted of a tremendous variety of mostly small items such as one typically would find at grocery and souvenir stores. The equipment consisted of items such as shelving and freezers as one typically would find at grocery and souvenir stores.
The bank foreclosed on the inventory and equipment by executory process. The defendants were served with a notice of seizure and notice to appoint appraiser. The bank appointed an appraiser who was sworn and appraised the inventory and equipment in a signed writing at $17,788.50. The defendants did not appoint an appraiser so the civil sheriff appointed one for the defendants who was sworn and appraised the inventory and equipment in a signed writing at $19,125.00. These appraisals were averaged by the civil sheriff at $18,456.75. The inventory and equipment were advertised and sold to a third party purchaser for $13,001.00.
The bank then filed a supplemental petition seeking a deficiency judgment against the defendants and, thus, converting the executory proceeding to an ordinary proceeding.
The defendants answered with what amounted to general denials due to lack of information. The bank moved for summary judgment supported by an affidavit from an officer of the bank setting out the course of events as to the loan, the foreclosure and the amount still owed on the loan after the foreclosure. The defendants opposed the motion for summary judgment with a brief to the trial court and affidavits of defendant Ford's which, in essence, said that both of the appraisals were wrong as the "real value" of the inventory and equipment was about $400,000.00. The trial court granted the bank's motion for summary judgment and denied a defense motion for new trial.
The defendants' two arguments to the trial court, which also are the two issues on appeal, were that: 1) the appraisals were not made with the "minuteness" required by La. R.S. 13:4365.C. and 2) the amounts of the two appraisals were far below the $400,000.00 "real value" of the inventory and equipment. Thus, the defendants argue, if the appraisals are defective, there is the equivalent of a sale without appraisal, and a deficiency judgment is barred. We hold that the first point cannot be raised for the first time after the sale has taken place and that the defendants' *363 affidavits are insufficient to create a genuine issue of material fact as to the second point.[1]
A deficiency judgment may not be obtained unless the collateral property was appraised prior to sale.
Unless otherwise provided by law, the creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723.

La.Code Civ.Proc. art. 2771 (emphasis added).
Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage, the security agreement, or the document creating the privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for. There is no requirement that seized property subject to a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.), be appraised prior to the judicial sale thereof.
La.Code Civ.Proc. art. 2723 (emphasis added).
The property seized must be appraised with such minuteness that it can be sold together or separately.
La.R.S. 13:4365.C. Thus, the failure to appraise the collateral properly with "minuteness" is a failure to appraise the collateral property "in accordance with law" so that as a general proposition a deficiency judgment may not be obtained. See Bankers Trust of Louisiana v. Smith, 629 So.2d 525, 529 (La. App. 5th Cir.1993) (deficiency judgment barred because individual pieces of jewelry inventory not separately appraised); International Harvester Credit Corp. v. Majors, 467 So.2d 1251, 1254 (La.App. 2d Cir.1985) (deficiency judgment barred because six separate pieces of farm machinery not separately appraised); compare Calcasieu Marine National Bank v. Miller, 422 So.2d 558, 560-61 (La.App. 3rd Cir.1982) (mobile home's furniture and appliances need to be appraised separately from mobile home).
However, when the debtor has been served with the notice of seizure and notice to appoint appraiser, and fails to appoint an appraiser, and also fails to object to the lack of "minuteness" of the appraisals at any time prior to the judicial sale of the collateral property, all as in the present case, the debtor may not complain of the lack of "minuteness" in the appraisals as a defense to a later deficiency judgment action. A fully notified debtor who never raises any objection to the appraisals in time for any lack of "minuteness" to be cured, i.e. prior to the judicial sale of the collateral property, has waived the "minuteness" requirement.
In First Federal Savings & Loan Ass'n v. Moss, 616 So.2d 648 (La.1993), the Louisiana Supreme Court explained its decision in [First Financial Bank v.] Hunter Forest [Ltd., 456 So.2d 1380 (La.1984)] as follows:

Hunter Forest, as the [First Bank of Natchitoches v.] Chenault [576 So.2d 1123 (La.App.1991)] court recognizes, does not stand for the proposition that an in globo sale is unauthorized in an executory proceeding; instead, it lends support to the converse proposition that an in globo sale is authorized in an executory proceeding when a single mortgage encompasses separate properties. *364 Moss, supra, 616 So.2d at 652 (citations omitted).
However, LSA-R.S. 13:4365(C) sets forth an exception to the creditor's right to compel an in globo sale. This statute provides that "[t]he property seized must be appraised with such minuteness that it can be sold together or separately" (emphasis added). The "minuteness" requirement allows the debtor to establish that an in globo sale would have a prejudicial effect in that a separate sale would be more advantageous as it would secure a potentially higher bid price. See International Harvester Credit Corp. v. Majors, 467 So.2d 1251 (La.App. 2d Cir.1985).
As stated above, the parties in the instant case stipulated that the debtors did not request separate appraisals of the properties. Since the appellees failed to establish prior to the sale that the in globo sale of the property in question would be prejudicial and that a separate sale would be monetarily advantageous, they cannot now complain of the appraisal process. See Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132 (La.App. 1st Cir.1988).
The debtors' failure to invoke the exception of LSA-R.S. 13:4365(C) prior to the sale, leaves the creditor's right to direct the mode of the sale intact. See First Guaranty Bank v. Baton Rouge Petroleum Center, 529 So.2d 834 (La.1988). Therefore, we find that the trial court's ruling that the appraisal process in the instant case was so fundamentally defective as to preclude CNB from obtaining a deficiency judgment was in error.
Commercial National Bank v. Succession of Rogers, 628 So.2d 33, 35-36 (La.App. 2d Cir. 1993). Accord First National Bank of Jefferson Parish v. Samuels, 618 So.2d 444, 448 (La.App. 5th Cir.1993) ("He [debtor with actual knowledge of foreclosure] was fully aware that thereafter the foreclosure was ongoing, and if he had accepted service, he could have appointed his own appraiser and requested separate appraisals of the two lots."); Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132, 1135 (La.App. 1st Cir.) ("it was incumbent upon him [debtor] to challenge the [appraisal] process before the sale was made", emphasis in original), writ denied, 532 So.2d 150 (La.1988). See also First Federal Savings & Loan Ass'n v. Moss, 616 So.2d 648, 654 (La.1993) (failure of debtor to object to in globo sale of collateral property securing two fully cross-collateralized hand notes "resulted in waiver" distinguishing in globo sale of collateral for two separate mortgages each separately securing a separate noteformer situation involves "mere procedural technicality" latter situation involves "fundamental defect"). Cf. Citicorp Acceptance Co. v. Roussell, 601 So.2d 350, 354-55 (La.App. 1st Cir.1992) (only "fundamental defect" in appraisal will bar deficiency judgment); G.M.A.C. v. Mergist, 520 So.2d 1109, 1111-12 (La.App. 3rd Cir.1987) (same).[2]
As to the defendants' argument that the appraisals were defective, and a deficiency judgment is barred, because the amounts of the appraisals were well below the "true value" of the collateral property, we agree with the trial court's reasons for judgment that the defendants' affidavits do not create a material issue of fact. The statutes and articles governing judicial sales pursuant to executory process foreclosures provide an elaborate procedure designed to maximize the amount received for the collateral property and, consequently, to minimize the size of deficiency judgments. The sheriff serves the debtor with a notice of seizure. La.Code Civ.Proc. art. 2721.B. The collateral property is advertised for sale by the sheriff. La. Code Civ.Proc. arts. 2722, 2331. The collateral property is appraised. La.Code Civ. Proc. art. 2723. The sheriff serves a notice on the debtor (and the seizing creditor) to appoint an appraiser. La.R.S. 13:4363. If the debtor (or the seizing creditor) fails to appoint an appraiser, then the sheriff appoints one for him. La.R.S. 13:4364. The appraisers take an oath to make true and just appraisals of the collateral property. La.R.S. 13:4365.A. If the two appraisers *365 cannot agree on the value of the collateral property, then, depending upon the size of the variance between the two appraisals, the sheriff either averages the two appraisals, or appoints a third appraiser whose appraisal is the final determination. La.R.S. 13:4365.B. The appraisals are reduced to writing, signed by the appraisers and delivered to the sheriff. La.R.S. 13:4365.D. The collateral property is offered for sale and if, at the first offering, the highest amount bid is not at least two-thirds of the appraised value, then the collateral property is re-advertised and is sold at the second offering for whatever it will bring. La.Code Civ.Proc. arts. 2336, 2724.B. With the possible exception of the alleged lack of "minuteness" in the written appraisals, which was dealt with above, there is no indication in the record, or even assertion in the briefs, that these procedures were not followed.
A key provision of the judicial sale procedure is the right of the debtor to appoint one of the appraisers. In the present case, the defendants did not exercise that right despite their having been served with notice to appoint an appraiser. The defendants did not present any appraisal, or any affidavit of any qualified appraiser, in opposition to the bank's motion for summary judgment on the deficiency judgment claim. The record reveals that the defendants offered only the affidavits of defendant Ford who, with only general reasoning in support, expressed the opinion that the "true value" of the collateral property was about $400,000. Appraisals are not description of existing fact. They are estimates which must be based on educated or informed judgment. The defendant Ford's affidavits do not establish that he is a qualified appraiser or even that he inventoried the collateral property. Nor do Ford's affidavits provide any factual basis as to how the two appraisers erred or why their appraisals differ so markedly from the "true value" as alleged by Ford's affidavit. In the absence of proof (i.e. evidence and not mere supposition) to the contrary, the two appraisers are presumed to be qualified and their appraisals must be presumed to be valid. Calcasieu Marine National Bank v. Miller, 422 So.2d 558, 560 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 153 (La.1983); Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132, 1135 (La.App. 1st Cir.), writ denied, 532 So.2d 150 (La.1988); Associates Discount Corp. v. Bankston, 246 So.2d 335, 339 (La.App. 1st Cir.), writ denied, 258 La. 765, 247 So.2d 864 (La.1971); Ford Motor Credit Co. v. Blackwell, 295 So.2d 522, 523 (La.App. 4th Cir.), writ denied, 299 So.2d 361 (La.1974). The defendants have not rebutted this presumption.
The legislature has provided in the applicable statutes and articles for the determination of the value, i.e. the appraisal of the collateral property to be judicially sold. When there has been substantial compliance with those statutes and articles, i.e. no deviation shown to be or obviously prejudicial to a material degree, then there is at least a very strong presumption, perhaps even a conclusive presumption, that the results of the appraisal process are correct. It is thus very difficult, if it is possible at all, for the debtor to defeat a claim for deficiency judgment simply by arguing that the appraisal amount used in the executory process judicial sale was wrong when there has been substantial compliance with the legislatively provided-for procedures. Foreclosing creditors have the right to rely on substantial compliance with the applicable statutes and articles as protecting their right to pursue a claim for a deficiency judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The defendants also argue, for the first time on appeal, that the appraisals were defective because they did not include a description of the appraised property. However, we have reviewed the defendants' answers, the defendants' memorandum to the trial court in opposition to the bank's motion for summary judgment, the defendants' affidavits filed below and the defendants' motion for new trial with supporting memorandum to the trial court, and we can find no mention of this issue. Because this issue was not raised below, it may not be raised on appeal. Uniform Rules of Louisiana Courts of Appeal Rule 1-3; Shepherd v. Allstate Ins. Co., 562 So.2d 1099, 1102 (La.App. 4th Cir.1990); Morrison v. State Farm Ins. Co., 503 So.2d 654, 656 (La.App. 4th Cir.1987); Taylor v. First Jersey Securities, Inc., 533 So.2d 1383, 1388 (La.App. 4th Cir. 1988), writ denied, 538 So.2d 593, 594 (La.1989).
[2] The defendants in the present case were served with the notice of seizure and notice to appoint appraiser. It is essential that the debtor have notice of the foreclosure. Citizens Savings and Loan Ass'n v. Kinchen, 622 So.2d 662 (La.1993); Security Homestead Ass'n v. Fuselier, 591 So.2d 335 (La.1991).