747 So.2d 181 (1999)
SUCCESSION OF Claud Benjamin HEUSZEL, Plaintiff-Appellee,
v.
Pamela Heuszel WOLDOW, Defendant-Appellant.
No. 99-370.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1999.
Writ Denied February 4, 2000.
Russell Joseph Stutes, Jr., Lake Charles, for Pamela Heuszel Woldow.
David Frank Dwight and Carl H. Hanchey, Lake Charles, for Donice B. Heuszel.
John L. Stone, III, Gretna, for Teacher's Retirement System of Louisiana.
Before DECUIR, AMY and PICKETT, Judges.
DECUIR, Judge.
Pamela Woldow appeals the ruling of the trial court on a motion to traverse which she filed in her father's succession. The administratrix of the succession is Donice Heuszel, widow of the deceased and Woldow's stepmother. At issue is Mrs. Heuszel's retirement fund which is administered by the Teachers' Retirement System of Louisiana (TRSL). The trial court held that the retirement benefits need not be listed as an asset of the community on the detailed descriptive list filed by Mrs. Heuszel in the succession proceedings. The TRSL submitted an amicus curiae brief urging this court to affirm the trial court's ruling. Finding no error in the decision rendered below, we affirm.
The record reveals that Mrs. Heuszel married Claud Heuszel in 1965 and remained married to him until his death in 1996. She taught in the Calcasieu Parish school system from 1969 through 1990. Upon her retirement, Mrs. Heuszel selected a plan from several options for the payment of retirement benefits. The terms of her plan provided that she would receive $911.00 per month for the remainder of her life, and upon her death, her beneficiary would receive $100.00 per month for the remainder of his life. If Mrs. Heuszel's designated beneficiary, her *182 husband, predeceased her, the plan provided that her benefits would increase slightly to the maximum allowance stated in the contract.
As administratrix of her husband's succession, Mrs. Heuszel prepared a detailed descriptive list of all assets and liabilities of the community. Woldow, Claud Heuszel's daughter from a previous marriage, filed a motion to traverse the detailed descriptive list alleging that certain property had been omitted from the list. The parties resolved most of the disputed issues via mediation, but the question of whether Mrs. Heuszel's retirement benefits are an asset of the community which must be included on the detailed descriptive list was presented to the trial judge. He concluded that the retirement plan selected by the Heuszels was a contractual agreement, personal to the parties who signed the agreement and not heritable. He explained, "If Mrs. Heuszel died, her heirs would not be entitled to a portion of the benefits her beneficiary would receive. Likewise, after Mr. Heuszel's death, his heirs are not entitled to a portion of what Mrs. Heuszel is to receive. Mr. Heuszel's rights, as beneficiary, ended upon his death."
The trial court's ruling complies with Louisiana statutory law. La.Civ.Code art. 1505(D) recognizes the right of a retirement plan beneficiary to receive benefits free from any duty to account to forced heirs. The statute codifies the typical contractual intent that only a beneficiary is entitled to proceeds from a retirement plan upon the death of the plan member; the plan member's heirs have no claim to those funds. The statute provides:
D. Employer and employee contributions under any plan of deferred compensation adopted by any public or governmental employer or any plan qualified under Sections 401 or 408 of the Internal Revenue Code, and any benefits payable by reason of death, disability, retirement, or termination of employment under any such plans, shall not be included in the above calculation, nor shall any of such contributions or benefits be subject to the claims of forced heirs. However, the value of such benefits paid or payable to a forced heir, or for the benefit of a forced heir, shall be deemed applied and credited in satisfaction of his forced share.
Additionally, the statutory provisions which enacted and govern the Teachers' Retirement System of Louisiana afford no inheritance rights to the heirs of a deceased plan member. See La.R.S. 11:701 et seq. Louisiana jurisprudence likewise conforms to this principle. See Johnson v. Wetherspoon, 96-0744 (La.5/20/97); 694 So.2d 203, 205, n. 2. Finally, the TRSL documents signed by the plan member, Mrs. Heuszel, at the time of her retirement specifically state that all benefits and obligations contained in the plan will cease upon her death. In other words, the provisions of the retirement plan contract are not heritable.
Woldow urges this court to conclude that Mrs. Heuszel's retirement benefits must be listed as a community asset in her deceased husband's succession simply because her interest in those benefits is a community interest. We do not disagree that the interest is one of community, and not separate, property. That classification, however, is irrelevant. The TRSL plan itself, as well as the law governing the payment of benefits from that plan, state that the community interest in the plan cannot be inherited. Consequently, Mrs. Heuszel has no obligation to include that community interest in the detailed descriptive list filed in her husband's succession.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.