1, GREMILLION, Judge.
The plaintiff, the Estate of Leona Celes-tine, appeals the judgment of the trial court dismissing its petition with prejudice due to its failure to request service of citation within ninety days of the commencement of its action against the defendants, Tina R. Savoie and Progressive Security Insurance Company. We affirm.
Leona Celestine was injured in a motor vehicle accident while a guest passenger in a vehicle driven by Rita Lewis. The accident occurred when Lewis’ vehicle was struck from the rear by Savoie’s vehicle. After Celestine died from non-related causes, the Estate filed suit seeking damages against the defendants by faxing a copy of its petition to the clerk of court on or about June 12, 1998. The petition requested that service be withheld until further notice. However, since the Estate failed to send the filing fee to the clerk within five days of the fax transmission, the petition was never filed into the record. On October 8, 1998, Savoie and Progressive filed a motion to dismiss the Estate’s petition pursuant to La.R.S. 13:850, since the Estate failed to comply with La. Code Civ.P. art. 1201(C) by not requesting service of the citation within ninety days of filing the petition. Following a hearing on the motion, at which counsel for the Estate was not present, the trial court granted the motion to dismiss. A judgment ordering the dismissal was rendered on April 6, 1999. This appeal followed.
On appeal, the Estate argues that the trial court erred in ordering the dismissal. We disagree. Article 1201(C) provides, in pertinent part, “Service of the citation shall be requested on all named defendants *987 within ninety days of commencement of the action.” La.R.S. 13:850 allows a party to file any paper in a | gdvil action through fax transmission. It further provides that “[f]iling shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court.” However, the filing will have no force or effect if the party filing the document fails to forward to the clerk (1) the original signed document, (2) the applicable filing fee, and (3) a five dollar transmission fee. La.R.S. 13:850(B).
In this instance, the minute clerk indicated that the Estate’s petition was not filed into the record because it failed to forward the applicable filing fee to the clerk. Thus, the fax transmittal of the petition had no force or effect. The trial court properly ordered the dismissal of the Estate’s petition against Savoie and Progressive.
CONCLUSION
For the forgoing reasons, the judgment of the trial court is affirmed. The costs of this matter are assessed to the plaintiff-appellant, The Estate of Leona Celestine.
AFFIRMED.