774 So.2d 225 (2000)
Terry BROWN, Sr.
v.
Evelyn HARREL.
No. 98-CA-2931.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 2000.
Rehearing Denied September 29, 2000.
*226 Wayne J. James, Wayne J. James & Associates, L.L.C., New Orleans, Counsel for Plaintiff/Appellee, Terry Brown, Sr.
Alvin N. Taylor, New Orleans, Counsel for Defendant/Appellant, Evelyn Harrel.
*227 (Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY, and Judge Pro Tempore PATRICK M. SCHOTT).
MURRAY, Judge.
Evelyn M. Harrell[1] appeals a summary judgment awarding a death benefit payable by the Teachers' Retirement System of Louisiana ("TRSL") to Terry G. Brown, Sr., rather than to her. For the reasons that follow, we affirm and remand for further proceedings.

FACTS AND PROCEEDINGS BELOW
In 1992, Ronald L. James designated his godson, Mr. Brown, as sole beneficiary of "any payments which may be due from [TRSL] in the event of my death." On November 15, 1996, Mr. James executed a form changing the designated beneficiary to Ms. Harrell, stated to be his companion. According to her deposition, Ms. Harrell merely faxed a copy of this form to TRSL, based upon a staff member's instructions, but she was subsequently asked to forward the original. The record does not indicate when TRSL received the faxed form, nor when TRSL requested the original from Ms. Harrell.
Mr. James died on November 20, 1996. On December 4, 1996, TRSL notified Mr. Brown that he was entitled to receive a lump-sum refund of Mr. James' retirement contributions upon submission of additional documentation. On December 13, 1996, Ms. Harrell was notified that because the signed original form to change the designated beneficiary was not received by TRSL until December 2, 1996, after Mr. James had died, it would not be given effect.
Mr. Brown filed the instant suit on January 27, 1997 against Ms. Harrell, TRSL, and an insurance company. Captioning his pleading as a "Petition for Institution of Concursus Proceedings and Declaratory Relief," he alleged that as Mr. James' caretaker during his terminal illness, Ms. Harrell had used undue influence over the decedent to obtain his power of attorney and to effectuate her substitution, in the place of Mr. Brown, as named beneficiary of certain employee benefit plans, including TRSL and a group insurance policy.[2] Ms. Harrell answered on February 21, 1997, generally denying the allegations and expressly asserting that, while legally competent and capable of exercising his free choice, Mr. James had executed all change-of-beneficiary forms himself. On September 18, 1997, TRSL responded to Mr. Brown's petition by depositing $27,657.76 into the registry of the court, asking that the court determine the contradictory claims of the parties and relieve it of any further liability.
In a motion for summary judgment initially filed in April 1998, then amended, Mr. Brown asserted that because the uncontradicted evidence showed no change-of-beneficiary form had been filed before the date of death, as TRSL required, he remained the designated beneficiary under the law. He submitted a copy of the 1992 beneficiary designation; TRSL's letter to him dated December 4, 1996; two pages from Ms. Harrell's deposition; and the front page of the beneficiary-change form. The latter document states at the top that, "Designations of beneficiaries become effective when duly filed with the Teachers' Retirement System of Louisiana (TRSL)," and was stamped as received by TRSL December 2, 1996. In opposition, Ms. Harrell argued that the decedent's intent should control the disposition of the *228 funds, and because the faxed form established that Mr. James intended to change his designated beneficiary, she should receive the refunded contributions.
After a hearing, on June 4, 1998, the trial court rendered a written judgment denying Mr. Brown's motion. The court explained that the motion was "denied ... without prejudice due to a lack of sufficient evidence such as an affidavit from [TRSL]... stating that TRSL requires that an original change of beneficiary form be received in their office before a member dies in order to effectuate a change of beneficiary."
On June 5, 1998, Mr. Brown again moved for summary judgment. In addition to the evidence previously submitted, he offered an affidavit from TRSL's Assistant Director stating, among other things, that "TRSL requires that TRSL receive an original change of beneficiary form before the death of a member in order to effectuate a change of beneficiary." Ms. Harrell again argued that the decedent's intent should be controlling, noting that the insurance company had acknowledged her right to those funds and emphasizing she had been named Mr. James' sole legatee in his will. After a hearing on July 10th, Mr. Brown's second motion for summary judgment was granted by written judgment signed July 15, 1998.[3] This appeal followed.

ARGUMENTS AND DISCUSSION
Ms. Harrell first argues that the trial court was without jurisdiction to hear and decide the second motion for summary judgment because the judgment of June 4, 1998 constituted a final judgment dismissing Mr. Brown's suit.[4] However, a judgment that does not determine the merits of an action is an interlocutory, not final, judgment. La.Code Civ. Proc. art. 1841. The first judgment merely pronounced that because Mr. Brown had not yet established that he was entitled to the relief sought, his motion was denied; the judgment neither stated nor implied that Mr. Brown's claims were dismissed. Thus, because there was no determination as to which of the parties was to receive the funds at issue, rendition of the judgment of June 4, 1998, did not affect the trial court's jurisdiction over this case.
Ms. Harrell next contends that because Mr. Brown was not the stakeholder of the funds in dispute, but merely one of two claimants, he had no standing to institute a concursus proceeding under Civil Procedure articles 4651 et seq..[5] She further argues that the petition was improper because Mr. Brown included false and defamatory allegations, in effect claiming tort damages, which is not permitted in a concursus proceeding. Based upon these procedural defects, Ms. Harrell claims that the judgment below must be reversed.
Louisiana law expressly provides that "[n]o technical forms of pleading are required," and that "[e]very pleading shall be so construed as to do substantial justice." La.Code Civ. Proc. arts. 854, 865. Accordingly, it is the substance rather than the caption of a pleading that determines its effect. Adams v. First Nat'l Bank of Commerce, 93-2346, p. 4 (La. App. 4th Cir.9/29/94), 644 So.2d 219, 223, writ denied, 94-3053 (La.2/3/95), 649 So.2d 411. In this case, Mr. Brown cited and served both the holder of the funds at issue and the other claimant with a petition setting forth the factual basis for his suit, asking for a judicial determination of his right to those funds. Because the substantive requirements of Article 891 are *229 thus met, the inclusion of the reference to a concursus proceeding in the caption of Mr. Brown's petition, though technically erroneous, does not affect his entitlement to the summary judgment at issue in this appeal.[6]
In other assignments of error, Ms. Harrell contends that Mr. Brown is not entitled to the TRSL refund because (a) no authentic act of donation and acceptance was executed to effectuate what was essentially a gift; (b) whether Mr. James meant to make a gratuitous or onerous donation, nothing in the law prevented him from revoking the donation prior to death; and/or (c) given the acceptance of facsimile transmissions in the modern business world as well as the judicial system, TRSL's refusal to give effect to the faxed copy of the change-of-beneficiary form, later supported by the signed and witnessed original, is archaic.
All of these arguments concern the administrative requirements of The Teachers' Retirement System of Louisiana, created and governed by the legislative enactments found in Title 11 of the Revised Statutes. However, none of these arguments were asserted in opposition to Mr. Brown's motion in the court below, nor was TRSL given notice of Ms. Harrell's challenges to the agency's rules and regulations.[7] Under Rule 1-3 of the Uniform Rules, Courts of Appeal, this court cannot consider an argument not raised in the trial court "unless the interest of justice clearly requires otherwise." See Whitney Nat'l Bank v. F.W.F., Inc., 93-1152, p. 2, n. 1 (La.App. 4th Cir.3/29/94), 635 So.2d 361, 363, writ denied, 94-1546 (La.9/23/94), 642 So.2d 1301, and cases cited therein; see also Georgia Gulf Corp. v. Bd. of Ethics for Pub. Employees, 96-1907, pp. 5-6 (La.5/9/97), 694 So.2d 173, 175-76 (deciding that under La. Code Civ. Proc. art. 2164 and Rule 1-3, appellate court had properly considered constitutional issue not raised in underlying administrative proceedings). Because the legality and/or reasonableness of the requirements for a valid beneficiary designation were not raised when TRSL had the opportunity to respond, the interests of justice would not be served by our consideration of these arguments for the first time on appeal.
In Ms. Harrell's remaining assignments of error she asserts that Mr. Brown failed to carry his burden of proving his entitlement to a summary judgment in his favor. We disagree.
"The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action.... The procedure is favored, and shall be construed to accomplish these ends." La. Code Civ. Proc. art. 966 A(2). A motion for summary judgment shall be granted only if the evidence submitted by the parties, scrutinized equally, demonstrates that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966 C(1); Davis v. Bd. of Supervisors of LSU, 97-0382, p. 8 (La. App. 4th Cir.3/18/98), 709 So.2d 1030, 1034, writ denied, 98-1329 (La.6/26/98), 719 So.2d 1288. When the mover has submitted evidence establishing the absence of material factual disputes and that it is entitled to judgment as a matter of law, "an adverse party may not rest on the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." La. Code Civ. Proc. art. 967. Summary judgments are reviewed on appeal de *230 novo, applying the same standard as used by the trial court. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195.
In this case, the uncontradicted allegations of the parties' pleadings and the evidence submitted in support of Mr. Brown's motion establish the material facts that Mr. James, a member of TRSL, died on November 20, 1996; that TRSL was obligated to refund the decedent's retirement contributions to his designated beneficiary; that Mr. Brown had been designated as the decedent's beneficiary in 1992; and that on December 2, 1996, TRSL received a form substituting Ms. Harrell as the decedent's designated beneficiary. Furthermore, Mr. Brown established by the affidavit of TRSL's Assistant Director that under the agency's rules, a beneficiary designation did not take effect until the properly executed and witnessed form was received by TRSL. This affidavit confirmed the statement printed at the top of the beneficiary-change form that Ms. Harrell had submitted on behalf of Mr. James.
Ms. Harrell presented no evidence in opposition to the motion, nor did she dispute any of the above facts in her pleadings. Instead, she argued that the decedent's intent regarding the disposition of his property should be given effect. Thus, because Mr. James had not only signed the beneficiary-change form prior to death but had also named her the sole legatee under his will, Ms. Harrell maintained that she, rather than Mr. Brown, was entitled to receive the TRSL funds.
On these facts and arguments, the trial court correctly granted Mr. Brown's motion for summary judgment. Under our law, "[e]mployer and employee contributions under any plan of deferred compensation adopted by any public or governmental employer ... and any benefits payable by reason of death ... under any such plans, shall not be included" in the mass of a decedent's succession. La. Civ.Code art. 1505 D. Therefore, in order to effectuate the intended disposition of such funds, a participant in a public retirement plan must comply with the statutory and regulatory requirements established by the administrative agency involved. Succ'n of Heuszel v. Woldow, 99-370 (La. App. 3d Cir.11/3/99), 747 So.2d 181, writ denied, 99-3363 (La.2/4/00), 754 So.2d 230. The evidence presented in this case demonstrates that TRSL requires a signed original form before it can give effect to a change in beneficiary, and that Mr. James' beneficiary-change form was not received until December 2, 1996. Thus, on November 20, 1996, the date of Mr. James' death, Mr. Brown remained the designated beneficiary under the policies and procedures governing TRSL, and he has established his entitlement to receive these funds as a matter of law.
None of Ms. Harrell's appellate challenges to the sufficiency of the evidence are material to the above analysis. While she has noted that none of Mr. Brown's pleadings were verified and that he failed to submit his own affidavit to support his motion, none of the facts material to the outcome rested upon his personal knowledge but, instead, were established by the documents detailed above.[8] Although she complains that Mr. Brown thus failed to prove the allegations in his petition regarding fraud, undue influence and the decedent's mental incapacity, these disputed facts became irrelevant once it was established that Mr. James failed to submit his beneficiary designation in accord with TRSL's requirements. Ms. Harrell's contention that summary judgment is inappropriate when there is a question of intent must be rejected for the same reason.
Finally, Ms. Harrell has asserted in her appellate brief that "the one sworn statement given by a low level assistant supervisory employee ... standing alone and uncorroborated, is insufficient to prove *231 the administrative policy of [TRSL]." However, any challenge to the Assistant Director's competency to speak for the agency should have been presented in the court below in accordance with Civil Procedure article 967. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1069-70 (La.App. 3d Cir.1985). Additionally, as previously noted, it was not only the affidavit, but also the statement on the top of the form used to change the beneficiary designation that established TRSL's policy in this case. Absent evidence to the contrary or a timely challenge to the affiant's knowledge and authority, Ms. Harrell has failed to demonstrate that the summary judgment was not supported by the record.

CONCLUSION
For the reasons assigned, the trial court's grant of Mr. Brown's motion for summary judgment is affirmed. The matter is remanded for entry of a judgment releasing the TRSL funds, less any court costs assessed against Mr. Brown, from the registry of the court, and for adjudication of the competing claims to the insurance proceeds deposited in connection with consolidated case # 97-5196. Each party is to bear his/her own costs of this appeal.
AFFIRMED AND REMANDED.
PLOTKIN, J., Concurs with Written Reasons.
PLOTKIN, J., concurring with written reasons.
I concur in the majority decision affirming the summary judgment entered by the trial court in favor of the plaintiff, Terry Brown. I write separately only to address the primary issue raised on appeal by defendant, Evelyn Harreli.e., whether sending the change of beneficiary form to the Teacher's Retirement System of Louisiana ("TRSL") by facsimile transmission was sufficient to effect a valid change of beneficiary.
According to the affidavit from Bonita B. Brown, Assistant Director for TRSL, submitted in support of Mr. Brown's motion of summary judgment, "TRSL requires that TRSL receive an original change of beneficiary form before the death of a member in order to effectuate a change of beneficiary." (Emphasis added.) The original change of beneficiary form was not received by TRSL until December 2, 1996, some 12 days after Mr. James' death on November 20, 1996. Mrs. Harrel claims however that she sent the change of beneficiary form, which was executed by Mr. James on November 15, 1996, to TRSL prior to Mr. James' death. She argues that sending a copy of the form by facsimile transmission is equivalent to sending the original form under Louisiana law.
Facsimile transmissions are generally accepted as a vital means of communication in modern technological culture. As a result of the existence of this commonplace practice, the judicial world has recognized that facsimile transmissions are reliable and trustworthy for some purposes, subject to compliance with certain rules. See La. C.C.P. art. 1313 and LSA-R.S. 13:850. However, Louisiana courts have recognized that a petition filed properly by facsimile transmission pursuant to LSA-R.S. 13:850 has "no force or effect" if the plaintiff fails to meet all the other requirements of the statute. See Estate of Celestine v. Savoie, 99-1856, p. 2 (La.App. 3 Cir. 4/12/00), 758 So.2d 986, 987.
Moreover, no provision of Louisiana law provides that facsimile transmission of documents is the same as mail for any and all purposes. Moreover, in delicate matters where certainty is essential, such as those related to inheritance, commercial transactions, and monetary transactions, special rules and regulations are required to assure that the transaction is authentic and legal. Thus, in a situation like that presented by the instant case, an agency may logically require that the change of beneficiaries be validly effected only by *232 the receipt of an original writing. Requiring the receipt of an original authentic writing prevents or minimizes the risk of fraud, misrepresentation, and embezzlement. Further, Louisiana's civil law jurisdiction adheres to the concept of formal requirements of law in order to authenticate a monetary transaction. Accordingly, a party seeking to take advantage of the benefits of the change cannot unilaterally decide to simply substitute a facsimile transmission. For this reasons, as well as the reasons stated by the majority, the trial court properly granted summary judgment in favor of Mr. Brown.
NOTES
[1] While the defendant-appellant's surname appears as both "Harrel" and "Harrell" in the record, her signature on the pleadings indicates the latter is correct.
[2] The disposition of these insurance proceeds was also made the subject of a separate proceeding, CDC # 97-5196, that was consolidated with this suit on June 9, 1997. However, because the judgment at issue concerns only the payment due from TRSL, we need not discuss the dispute regarding these funds.
[3] The judgment states that Mr. Brown's motion is granted, but does not decree that he is entitled to the TRSL funds nor order the money released by the Clerk of Court.
[4] This argument is reiterated in Ms. Harrell's fourth assignment of error.
[5] A variant of this argument regarding the propriety of a concursus is also included in Ms. Harrell's eighth assignment of error.
[6] Additionally, such objections to the form and content of a petition are generally required to be asserted by a timely exception, rather than urged as a basis for reversal of a judgment. La. Code Civ. Proc. arts. 928-929, 2163.
[7] While the record reflects that both of Mr. Brown's motions for summary judgment were served on TRSL's attorney, there is no indication that Ms. Harrell's responsive memoranda were similarly furnished "to all counsel of record."
[8] Additionally, "[p]leadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law." La. Code Civ. Proc. art. 863 B.