DANIEL L. DYSART, Judge.
11 Robert Hurst appeals a City of New Orleans Civil Service Commission decision denying his appeal of an eighteen-day suspension for violations of the New Orleans Police Department’s rules on Professionalism and Instructions from an Authoritative Source. For the reasons that follow, we affirm.
BACKGROUND:
The following facts are not in dispute: On the evening of February 24, 2011, Officer Hurst attended a fraternity party on Broadway Street in New Orleans, where he participated in a beer “chugging” challenge while in full police uniform and carrying his firearm. Sometime after midnight, he was photographed inside a bar on St. Charles Avenue, attired in his uniform pants, holding a plastic cup containing alcohol.[1] The photographs further revealed that Officer Hurst allowed a female companion to wear his uniform shirt. Although he had removed his identification badge and shoulder brass, both sleeves of the shirt had New Orleans Police Department patches on them. After leaving the first bar, Officer Hurst and |2his female companion traveled to two other bars to continue drinking, and she continued to wear his New Orleans Police Department uniform shirt.
The New Orleans Police Department (“NOPD”) began an investigation into the activities of Officer Hurst on March 2, 2011. At the completion of the investigation, Officer Hurst signed for a Notice to Accused, which was dated June 27, 2011. The notice outlined the sustained violations of the appointing authority’s rules and reg *859 ulations and informed Officer Hurst that a disciplinary hearing would be held on August 17, 2011. The hearing was subsequently continued, and Officer Hurst was given notice on August 24, 2011, that the hearing would take place on September 6, 2011.
At the disciplinary hearing, Officer Hurst offered no mitigating information relative to the infractions. Following the hearing, Officer Hurst was suspended for eight days for violating internal Rule 3, Professional Conduct; Relative to Professionalism, and Rule 4, Performance of Duty, Instructions from an Authoritative Source, uniform specifications. The disciplinary hearing conducted on September 6, 2011, by Deputy Superintendent Darryl Albert, did not include an infraction for use of alcohol; however, Superintendent Roñal Serpas increased the suspension by ten days before signing off on the disciplinary ruling for violation of an additional section of Rule 3, use of alcohol while off-duty.
Officer Hurst appealed to the Civil Service Commission and hearings were held on December 13, 2012 and March 13, 2013. In sworn testimony at the hearing, Officer Hurst admitted to the factual allegations that formed the basis for Rthe disciplinary action. No objection was made prior to or during the hearings on the basis of timeliness, only that it was improper for Superintendent Serpas to add to his suspension without affording Officer Hurst a hearing on that particular charge. The Civil Service Commission denied the officer’s appeal.
In his post-trial memorandum, Officer Hurst for the first time raised the issue that the internal administrative investigation was not completed timely, and was therefore null and should be dismissed in accordance with La. R.S. 40:2531C.
Officer Hurst now appeals to this Court presenting the same arguments as those raised in his appeal to the Civil Service Commission.
STANDARD OF REVIEW:
The Civil Service Commission’s decision is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const, art. X, § 12(B). Review by the appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly wrong standard. Moore v. Ware, 01-3341, p. 7 (La.2/25/03), 839 So.2d 940, 946; Russell v. Mosquito Control Bd., 06-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-640. Further, mixed questions of law and fact should be accorded great deference by appellate courts under the manifest error standard of review. Russell, 06-0346, p. 8, 941 So.2d at 640. An appellate court should not modify a decision of the Civil Service Commission unless it is arbitrary, capricious, or characterized by abuse of discretion. Bannister v. Dep’t of Streets, 95-404, p. 8 (La.1/16/96), 666 So.2d 641, 647. “Arbitrary or capricious” means the absence of a rational basis for the action taken. Id.
DISCUSSION:
An employee with permanent status in the classified civil service cannot be subject to disciplinary action by his employer except for cause expressed in writing. La. Const, art. X, § 8(A); Lange v. Orleans Levee Dist, 10-0140, p. 2, n. 2 (La.l 1/30/10), 56 So.3d 925, 928. Legal “cause” for disciplinary action exists when the employee’s conduct “impairs the efficient or orderly operation of the public service.” Civil Service Rule 1.5.2.01; AFSCME, Council # 17 v. State ex rel. Dep’t of Health & Hosp., 01-0422, p. 8 (La.6/29/01), 789 So.2d 1263, 1268. The appointing authority must prove, by a pre *860 ponderance of the evidence, the occurrence of the complained of activity and that the conduct did in fact impair the efficient and orderly operation of the public service. See Newman v. Dep’t of Fire, 425 So.2d 758, 754 (La.1983).
In his first assignment of error, Officer Hurst argues that the NOPD’s investigation was not completed timely as required by La. R.S. 40:2531C. He states that the NOPD began an investigation into this matter on March 2, 2011, and that he was not served with a Disciplinary Hearing Notification until August 24, 2011. He argues that La. R.S. 40:2531B(7) requires that administrative investigations be completed within sixty days. Further, La. R.S. 40:25310 provides that any discipline taken without strict compliance with the minimum standards provided for is an absolute nullity.
IsThe NOPD argues that the Civil Service Commission was correct in its findings because the record contained evidence that Officer Hurst signed for a Notice to Accused on June 27, 2011, which was within the statutory time limits to conclude the investigation. The notice identified the sustained violations (clearly indicating that the investigation was complete), and notified the officer of a disciplinary hearing on August 17, 2011. The hearing was subsequently rescheduled to September 6, 2011; and Officer Hurst was again properly notified per the notice he signed for on August 24, 2011.
We agree with the NOPD that there was no violation of the statutory requirements for completion of the investigation. La. R.S. 40:2531B(7) provides, in part, that an- investigation of a complaint against a police officer shall be completed within sixty days. However, the statute further provides that a police department may petition the Civil Service Board “for an extension of the time within which to complete the investigation.” Id. The extension can be for an additional sixty days. There is also a provision allowing the officer to oppose an extension. The record before us does not contain evidence that the police department requested an extension or that Officer Hurst opposed an extension. The record does show that Officer Hurst raised the sixty-day rule for the first time in his Posh-Trial Memorandum. In that pleading, and before this Court, he argues that the notice was not received until August 24, 2011, which was one hundred seventy-five days from March 2, 2011.
| (¡Jurisprudence provides a “longstanding general rule that issues not submitted to the trial court for decision will not be considered for the first time on appeal.” Jones v. Capitol Enterprises, Inc., 11-0956, pp. 18-19 (La.App. 4 Cir. 5/9/12), 89 So.3d 474, 487, (citing ASP Enterprises, Inc. v. Guillory, 08-2235, p. 9 (La.App. 1 Cir. 9/11/09), 22 So.3d 964, 971; In re Succession of Bemat, 11-368, p. 3 (LaApp. 3 Cir. 11/2/11), 76 So.3d 1287, 1290 (refusing to consider issue raised for first time on appeal)). As this Court has noted “[i]t is well established that as a general matter, appellate courts will not consider issues raised for the first time, which were not pleaded in the trial court below and which the trial court has not addressed.” Jones v. Capitol Enterprises, Inc., 11-0956, p. 19 (La.App. 4 Cir. 5/9/12), 89 So.3d 474, 488-89, (quoting Billieson v. City of New Orleans, 09-0410, p. 8 (La.App. 4 Cir. 11/12/09), 26 So.3d 796, 801-02).
This general rule is codified in the Uniform Rules of Louisiana Courts of Appeal, which provides: “[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” Uniform Rules— *861 Courts of Appeal, Rule 1-3. Pursuant to Rule 1-8, this Court cannot consider an issue that was not raised in the trial court “unless the interest of justice clearly requires otherwise.” See Brown v. Harrel, 98-2931, pp. 5-6 (La.App. 4 Cir. 8/23/00), 774 So.2d 225, 229 (citing Whitney Nat’l Bank v. F.W.F., Inc., 93-1152, p. 2, n. 1 (La.App. 4 Cir. 3/29/94), 635 So.2d 361, 363 and the cases cited therein). Contrary to Officer Hurst’s suggestion, this is not a situation in which “the interest of justice requires otherwise.”
Because the notice received by Officer Hurst on June 27, 2011 (within one hundred twenty days), clearly identified the sustained violations (indicating that the | .¡investigation was complete), and notified the officer of a disciplinary hearing on August 17, 2011, we do not find that the officer was prejudiced in any way, or that the interests of justice require this Court to consider on appeal for the first time an assignment of error not previously considered by any tribunal below. As there was absolutely no evidence presented by Officer Hurst in mitigation of the alleged offenses, he cannot argue that he was prejudiced in any way by the statutorily provided sixty-day extension.
Officer Hurst cites two cases in support of his claim of untimeliness. First, Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), involved the termination of a civil servant. Officer Hurst was not terminated. Second, Mulvey v. Dep’t of Police, 12-1041 (La.App. 4 Cir. 1/30/13), 108 So.3d 891, writ denied, 13-0484 (La.4/5/13), 110 So.3d 591, involved an officer who received a notice that the investigation was complete; however, the notice further stated that if a disciplinary hearing was required, the officer would receive further notification.
Our review of the document, which Officer Hurst argues was not proper notice that the investigation against him was complete and that he was to appear at a disciplinary hearing, indicates that Officer Hurst’s argument is without merit. The document is entitled “Notice to Accused Law Enforcement Officer Under Investigation of a Pre-Disciplinary Hearing OR a Determination of an Unfounded or Unsus-tained Complaint.” (emphasis added.) The first paragraph informs the recipient that the investigation has been completed. The next section of the document contains the investigator’s recommended dispositions, and in this case, clearly states that violations of departmental rules were sustained. Last, the document concludes with a statement that the superintendent or his desig-nee is the |sfinal approving authority. Thus, the sustained violations are subject to the Superintendent’s final approval, explaining the term “recommended dispositions.” We agree with the Civil Service Commission that the notice received by Officer Hurst on June 27, 2011, was sufficient to provide meaningful notice that the charges against him had been sustained and that a pre-disciplinary hearing was scheduled in compliance with La. R.S. 40:2531B(7).
In his second assignment of error, Officer Hurst argues that his due process rights were violated by Superintendent Serpas adding an administrative violation and additional suspension days without a pre-disciplinary hearing on that violation.
The record indicates that at the civil service hearing, Chief Albert, Deputy Superintendent of the Field Operations Bureau, testified that he presided at the pre-disciplinary hearing, explaining that Superintendent Serpas added the additional violation and suspension for improper use of alcohol while off-duty. When it was determined that Superintendent Serpas would be unavailable to testify at the civil service hearing, the parties entered into a *862 joint stipulation, which set out what testimony the superintendent would give. No mitigating information was offered by Officer Hurst.
Officer Hurst also argues that Civil Service Rule IX, Section 1.2 requires that an employee be given a pre-termination hearing and what the recommended penalty will be prior to action. The plain wording of the rule indicates it applies to cases in which the employee is to be terminated. Officer Hurst was suspended, not terminated; therefore, the cited rule is inapplicable.
CONCLUSION:
Recently, the Louisiana Supreme Court explained “since the public puts its trust in the police department as a guardian of its safety, it is essential the ^appointing authority be allowed to establish and enforce the appropriate standards of conduct for its employees who are sworn to uphold that trust.” Regis v. Dep’t of Police, 13-1124, p. 3 (La.6/28/13), 121 So.3d 665, 666. Considering the facts of this case, we cannot say that the Civil Service Commission acted arbitrarily or capriciously in upholding the decision of the NOPD.
Accordingly, the decision of the Civil Service Commission is affirmed.
AFFIRMED.

. Officer Hurst admitted that the cup contained an alcoholic beverage.